## BISHOP *v.* BUSSEY.

HINES, J. 1. After an award for compensation had been granted by the Industrial Commission to an employee, against a corporation, which award on appeal to the superior court had been confirmed, and on writ of error to the Court of Appeals the judgment of the superior court had been affirmed, and where the charter of the corporation had expired before the rendition of the award by the Industrial Commission, and had not since been renewed, a court of equity, upon application of the employee, could not "reform" or amend the judgment of the superior court so as to make it a judgment against the sole stockholder of the corporation, who continued the business in the name of the corporation, as this would be adding a new party, which can only be done in cases expressly provided by law. Civil Code (1910), § 5683. There is no law expressly providing for such proceeding.

2. By the act of August 27, 1925, it is provided that if a claimant proceeds in good faith against a corporation, the charter of which has expired, but which is still doing business, he shall have the right to then proceed against the person or persons operating under the corporate name, and the one year limit provided in section 25 of the workmen's compensation act, as it originally stood, shall not apply. Acts 1925, p. 282. Under this act the employee has an adequate remedy at law, and for this reason he can not apply to a court of equity for relief.

3. Applying the above principles, the trial judge erred in overruling the motion, in the nature of a general demurrer, to dismiss the petition. It follows that the subsequent proceedings in the court below were nugatory.

*Judgment reversed. All the Justices concur, except Hill, J., who dissents.*

No. 5723. JULY 30, 1927. REHEARING DENIED SEPTEMBER 13, 1927.

Equitable petition. Before Judge Pomeroy. Fulton superior court. September 25, 1926.

Appeal and Error, 4 C. J. p. 1223, n. 77; p. 1229, n. 1.
Equity, 21 C. J. p. 35, n. 15; p. 36, n. 16; p. 48, n. 15; p. 49, n. 16.
Workmen's Compensation Acts, C. J. p. 114, n. 12 New; p. 117, n. 58 New.

J. C. Bussey filed an equitable petition against F. A. Bishop and Empire Glass & Decoration Company, a trade-name under which F. A. Bishop does business. The petition alleged in substance the following: On August 7, 1923, plaintiff was injured while working for the Empire Glass & Decoration Co. The employer refused to make an adjustment of plaintiff's claim for compensation, and plaintiff requested a hearing before the Industrial Commission of Georgia, for the purpose of having the amount of compensation due plaintiff fixed by the commission. The Empire Glass & Decoration Co. having been cited to appear before the commission, a hearing was had on November 26, and December 10, 1923. On the hearing F. A. Bishop testified that the Empire Glass & Decoration Co. was a corporation, and that Bishop was the sole proprietor of said company. On December 13, 1923, an award was made by the commission requiring the Empire Glass & Decoration Co. to pay plaintiff $15 a week, beginning August 14, 1923, and continuing for one hundred weeks, and also medical expenses. The award was approved by the full commission on January 24, 1924, and on appeal to the superior court of Fulton County the award was sustained on April 14, 1924; and the Court of Appeals of Georgia affirmed this judgment. Shortly before the judgment of affirmance by the Court of Appeals, the plaintiff learned that the charter of the Empire Glass & Decoration Co. had expired several years prior to 1923, and that its corporate name had been continued in use by F. A. Bishop after the expiration of the charter, and that at the time of the hearing and award by the Industrial Commission F. A. Bishop was the sole owner of said company, and was operating it under the name of Empire Glass & Decoration Co. On the hearing before the commission, Bishop by his sworn testimony, knowingly and purposely misled the commission to treat the Empire Glass & Decoration Co. as a corporation, and by reason of this misrepresentation the commission was led into the mistake of making the award against the Empire Glass & Decoration Co., when, according to the facts, an award should have been made against F. A. Bishop, doing business under the trade-name of Empire Glass & Decoration Co. From information obtained within the last few months, at the time of this award, prior thereto, and up to the present time, Bishop was and is the sole owner of the Empire Glass & Decoration Co.; he employed counsel to contest

plaintiff's claim, and he is the only person interested in the outcome of the award so far as said company is concerned. Plaintiff alleges, on information and belief, that at the time of the expiration of the charter, Bishop was the sole owner of the stock of the Empire Glass & Decoration Co., and there never was any legal winding up of the affairs and assets of the company, but Bishop continued to do business under the corporate name, and to make contracts in the corporate name; and that this method of transacting business is continued at present by Bishop. He makes contracts in the name of the Empire Glass & Decoration Co., concealing the fact that this is merely a trade-name for himself in order to avoid personal liability; and he takes the profits and money earned in the name of the company and deposits it in his own name, or invests such earnings in his name and holds the property interests from the earnings of said business in his own name. The company has no assets or property, and the trade-name is used as a blind or shield behind which Bishop is operating, and what assets or property really belong to the trade-name stand in the name of F. A. Bishop. He has certain real estate and other property which plaintiff alleges, on information and belief, is part of the assets of the Empire Glass & Decoration Co. and subject to the debts and judgments against said company; and Bishop, by taking said property in his own name, did so to avoid paying the debts and judgments against the company. The judgment or award in this case is really against F. A. Bishop, and a court of equity should reform or mold the judgment so it will be against F. A. Bishop, the real party defendant. Plaintiff is without remedy at law to enforce his judgment, because the party named as defendant is neither a corporation nor a partnership, but is merely a trade-name under which F. A. Bishop does business, and if an attempt were made to levy an execution on any property used by F. A. Bishop in the business of the Empire Glass & Decoration Co., Bishop would file a claim. Plaintiff is remediless at law to enforce his judgment against the Empire Glass & Decoration Co. as a corporate entity; and since the judgment on its face does not name F. A. Bishop as defendant, plaintiff would be unable to enforce the same against any of said property. Only a court of equity can reform or amend the award in this case so that it will speak the truth and bind the true defendant. A receiver should be appointed to take charge of

the Empire Glass & Decoration Co., its assets and property, as well as take charge of all real and personal property standing in the name of F. A. Bishop, collect the same for the purpose of paying off plaintiff's award and collecting the assets of the Empire Glass & Decoration Co. taken over by Bishop upon the expiration of the corporation charter. Plaintiff prayed that the award of the Industrial Commission in his favor against the Empire Glass & Decoration Co. be so reformed or amended that it will be against F. A. Bishop, doing business under the trade-name of Empire Glass & Decoration Co.; that the award be decreed a lien against the property of F. A. Bishop; that a receiver be appointed to take charge of the place of business of the Empire Glass & Decoration Co., and any and all property, real and personal, held by F. A. Bishop and used by him in his business, or bought by him from the funds or assets derived from the Empire Glass & Decoration Co.; that Bishop be restrained and enjoined from transferring, selling, mortgaging, or encumbering the property, or interfering with the present status; that the award be paid out of any funds or property taken over by the receiver; and for general relief. Bishop filed his answer to the petition, admitting some of the allegations, and denying others. He says that he has made contracts under the trade-name of Empire Glass & Decoration Co., not as a corporation, but as an individual doing business under a trade-name. There was a dissolution of the corporation, and he, as the only stockholder, took over the assets, paid all the indebtedness, and continued to do business under the trade-name. The name is not used as a blind or shield, but as a matter of impressing on the general public the class of business he is conducting. He owns property amounting to over $150,000, and has always paid his bills and contracts in his trade-name; he is solvent and is worth at least $70,000 above all his debts and liabilities. There is no judgment against him, and therefore there is none to mold or reform; the judgment is against the Empire Glass & Decoration Co., a corporation, and it is a nullity, as the Empire Glass & Decoration Co. is neither a natural nor an artificial person, and was not at the time said judgment was rendered.

The trial judge, to whom was submitted the case for decision without the intervention of a jury, rendered a decree reforming the judgment as prayed. To this decree F. A. Bishop excepted.

*Tillou Von Nunes,* for plaintiff in error.

*Branch & Howard* and *Bond Almand,* contra.

HILL, J., dissenting. It is insisted that the plaintiff should have appealed from the decision of the Industrial Commission, which refused to amend the award made by it, on the ground that under the Georgia workmen's compensation act (Ga. L. 1920, pp. 167 et seq.) he had the right, within thirty days from the date of the decision, to appeal to the superior court. This contention is without merit. The Industrial Commission held in effect that it was without jurisdiction to amend the award, and, I think, properly. The Industrial Commission is an administrative body, as held by this court in *Gravitt* v. *Ga. Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897). The Georgia workmen's compensation act provides for an appeal from the award itself (Park's Code Supp. § 3154(ggg), Michie's Ga. Code, § 5954 (59), as rendered by the commission; but the commission has no power or authority to re-open a case for the purpose of amending its award, by making it operative against one of the defendants personally, instead of against the trade-name under which that defendant conducted his business. If it has no jurisdiction for such purpose, then the superior court would also be without jurisdiction for that purpose, on appeal. The superior court only has jurisdiction, in cases of appeal, such as is possessed by the inferior court or judicatory from which the appeal is taken. *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (6) (48 S. E. 437). And in such case the superior court has no broader powers in such matters of jurisdiction than the court from which the appeal was taken. *Malloy* v. *Malloy,* 134 *Ga.* 432 (2) (68 S. E. 80). And see *Southern Ry. Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658 (4) (50 S. E. 488). In the application to the Industrial Commission to amend its award, it will be observed that the application was not disposed of on the merits of the award; and the denial of the application to amend would not be a bar to a subsequent action by the plaintiff on the same cause of action in another court which has jurisdiction of the matter. See *Macon & Birmingham Ry. Co.* v. *Walton,* 127 *Ga.* 294 (56 S. E. 419). In *Gravitt* v. *Ga. Casualty Co.,* supra, it was said: "The Georgia Industrial Commission is not a court of general jurisdiction, . . . but is an industrial commission made so by express terms of the act of the legislature to administer its provisions as provided therein.

As such administrative commission it possesses only such juris-
diction, powers, and authority as are conferred upon it by the legis-
lature, or such as arise therefrom by necessary implication, to
carry out the full and complete exercise of the powers granted."
It follows that the commission was right in not taking jurisdic-
tion in order to amend its award, and therefore the plaintiff was
without a remedy so far as that tribunal is concerned. The plain-
tiff has no adequate remedy at law under the act of 1925 (Ga. L.
1925, pp. 282, 284), for the reason that there was a judgment of the
superior court standing unreversed, which affirmed, on appeal, the
award of the Industrial Commission on its merits, rendered against
the Empire Glass and Decoration Company. This judgment of
the superior court can not be held or treated as void, but must
either stand, or be reformed so as to speak the truth; that is, that
the alleged corporation under which Bishop did business was in
fact F. A. Bishop, and only a court of equity could set aside or
reform the judgment of the superior court under the facts, and give
complete relief, as was done in this case. See Civil Code (1910),
§ 4538; Michie's Georgia Code (1926), § 4538, and cit.; *Ga.
Peruvian Ochre Co.* v. *Cherokee Ochre Co.*, 152 *Ga.* 150, 154 (108
S. E. 609).

A legal remedy lost through accident or fraud will not bar relief
in equity. On the contrary, the fact that one has lost his remedy
at law through accident or the fraud of his adversary is in itself a
familiar ground for invoking the aid of equity. 21 C. J. 48, § 24;
*Booth* v. *Stamper*, 6 *Ga.* 172. The *Booth* case was where a new
trial was granted where judgment was obtained by the representa-
tions of the opposite party who consented that the witnesses of his
adversary, who lived a distance from the court, might go home, and
agreed that the cause would be transferred to the appeal docket
of the superior court by consent. When the case was called in its
order upon the docket for trial, the counsel for the plaintiff denied
the agreement and insisted upon a trial. The witnesses and client
both being absent, counsel for the defendant was forced to confess
judgment to the plaintiff for the amount of the note sued on, with
interest. Owing to the distance from the court defendant did not
know that his case had been forced to trial until the adjournment
of the court, too late to instruct his counsel to move for a new trial,
even had the court the power to grant it. The affidavit of the

witness, who was discharged from his attendance upon the court in consequence of the agreement, was attached to the complainant's bill as an exhibit, in which he identified the note, was present when it was executed, and stated that the consideration for which the note was given was money won of the defendant at the game of faro.  In rendering the opinion directing that the case be reinstated this court said:  "The defendant has evidently been entrapped by the course pursued by the plaintiff's counsel, and deprived of his defense, by the act of his adversary, without fault on his part, so far as the record discloses.  The conduct of the counsel for the plaintiff operated, to use the mildest term, as a surprise upon the defendant, and has enabled him to obtain an unconscientious advantage over him, which a court of equity will not permit him to retain.  For the reasons already stated, the common-law court, in which the case was pending, could not afford the complainant adequate relief, and, in our judgment, the facts of this case afford strong grounds for the exercise of the equitable jurisdiction of a court of chancery to grant a new trial, so as to place the parties back in the same position they were before the judgment was rendered against the defendant in the inferior court."  And see Richardson v. Howard, 51 Okla. 240 (151 Pac. 887) ; Grosvenor v. Flint, 20 R. I. 21 (37 Atl. 304) ; Curtis v. Olds, 250 Penn 320. 324 (95 Atl. 526).  In the Curtis case it was held that "The loss of a remedy at law through the misrepresentation of an adversary is in itself ground for invoking the aid of equity."

.In the instant case Bishop testified before the Industrial Commission that the Empire Glass & Decoration Co. was a corporation, and that he was the sole proprietor of that company.  It appears from the record, that at the time this statement was made the Empire Glass & Decoration Company was not a corporation.  This being so, I am of the opinion that a court of equity has jurisdiction to reform the judgment of the superior court, which was rendered on the appeal from the Industrial Commission, and which stands unreversed, in order that the misrepresentations of the defendant can be corrected, and full justice done to all the parties in the case.  The award of the Industrial Commission was against the Empire Glass & Decoration Co.  An effort was made to amend the award so as to make it against F. A. Bishop personally.  The commission declined to do so, on the ground that it had no juris-

diction. There was no appeal from this decision. The Georgia workmen's compensation act, prior to 1925, provided that all right to compensation under the act would be barred unless a claim should be filed with the commission within one year after the accident. But the legislature in 1925 (Acts 1925, pp. 282, 284), amended section 25 of the act of August 17, 1920, and acts amendatory thereof, as follows: "That the right to compensation under this act shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident, and, if death results from the accident, unless a claim therefor is filed with the commission within one year thereafter; except that if a claimant proceeds in good faith against a corporation, the charter of which had expired, but which was still doing business, he shall have the right to then proceed against the person or persons operating under the corporate name, and the one-year limit shall not apply." This court in *Eslinger* v. *Herndon,* 158 *Ga.* 823 (4), 826 (124 S. E. 169, 900), held that "A judgment rendered against a person in his assumed or trade-name is not void." The award was against the Empire Glass & Decoration Co. The purpose of the present suit is to amend or reform the award so as to hold F. A. Bishop personally liable. The question arises, was the defendant, F. A. Bishop, the real and only defendant? The evidence discloses that at the time J. C. Bussey was injured, and at the hearing before the Industrial Commission, Bishop was doing business under the trade-name of the Empire Glass & Decoration Company; that at the time the charter of the corporation expired in 1914, he was the sole owner of the corporation, and that he continued thereafter to do business under the same name. Since 1914 no property has been acquired in the name of the Empire Glass & Decoration Co., but on the contrary all property was acquired and held in the name of F. A. Bishop. Since the above-named date Bishop made his contracts in the trade-name of the Empire Glass & Decoration Co., and he employed Bussey and the other employees in the name of the company, and their names were carried on the pay-rolls and books of the Empire Glass and Decoration Company. The evidence also shows that all income and investments made by Bishop out of the profits of the company were in the individual name of Bishop. It was further in evidence that after Bussey was hurt, and notice of his claim for compensation was filed with

the Industrial Commission, Bishop was served with a copy of the notice of the claim by the commission, and in response thereto, he appeared before the commission with counsel and contested the claim of Bussey. He further testified that no other defendant had any interest in the award except himself. Thus it will readily be perceived that Bishop was the real party defendant throughout the entire proceedings before the commission and before the superior court. Under such circumstances, and in view of the act of 1925, and the ruling made in the *Eslinger case,* supra, and the evidence in this case, it would be a mockery of justice for Bishop to escape liability under the award of the commission, and the judgment of the superior court amending that award. The superior court with equity jurisdiction had the whole case before it; and I see no valid objection to its making the award and the record speak the truth, as was done, in order that F. A. Bishop and his property should be subject to the amount of the award found by the Industrial Commission.