19003. BRANCH & HOWARD *et al.* *v.* GEORGIA CASUALTY COMPANY *et al.*

320

*Branch & Howard,* for plaintiffs in error.

*Ralph Williams, Wallace Daley, Jones, Evins, Moore & Powers,* contra.

STEPHENS, J. This case arose upon an intervention filed by Branch & Howard in their own behalf, praying that out of a fund of $609 which had been paid into court by the Southern Mortgage Company they be awarded a certain amount as attorney's fees which they claim by virtue of an alleged lien upon the fund. Upon the hearing it appeared, without dispute, that Branch & Howard, as attorneys for F. W. Ewing, had, in a suit for damages against the Southern Mortgage Company for personal injuries, obtained a judgment for $6,541.66, that afterwards it was agreed that this judgment should be settled for the sum of $5,000, that Branch & Howard had a contract with Ewing by which they were to receive a third of this amount as attorney's fees for representing Ewing in the suit against the Southern Mortgage Company, that Ewing had, for the same injury, recovered of the Weekley Elevator Company, as compensation payable under the workmen's compensation act, the sum of $609, which the insurance carrier, the Georgia Casualty Company, had paid to Ewing. The Southern Mortgage Company, instead of paying the entire $5,000 to Ewing or his attorneys, paid into court, out of the amount represented by this judgment, the sum of $609, which is equal to the amount which the Georgia Casualty Company had paid to Ewing as compensation for the same injury. The Georgia Casualty Company also intervened and filed a claim to the $609, upon the ground that, as it had paid to Ewing $609 as compensation payable under

the Georgia workmen's compensation act for the same injury, it was, under section 2, subsection d, of the amendment to that act, approved August 16, 1922, entitled to the $609 by subrogation to the rights of Ewing against the Southern Mortgage Company. The issue arises between Branch & Howard, who claim one third of this fund of $609, which amounts to $203, in satisfaction of their lien upon the entire judgment of $5,000 recovered by them in behalf of Ewing in the damage suit, and the Georgia Casualty Company, which claims the entire fund of $609 and which contests Branch & Howard's right to an attorney's lien for fees upon this fund. The court awarded the entire fund of $609 to the Georgia Casualty Company, and Branch & Howard except to this judgment.

Section 2, subsection d of the amendment to the workmen's compensation act, approved August 16, 1922 (Ga. L. 1922, pp. 185, 187), provides as follows: "When an employee coming under provisions of this act receives an injury for which compensation is payable under this act and which injury was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee, or beneficiary, may take proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this act shall be reduced by the amount of damages recovered. If the employee or beneficiary of the employee, in such case recovers compensation under this act, the employer by whom the compensation was paid, or the party who was called upon to pay the compensation, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the right of the employee to recover therefrom to the extent of the compensation." Section 3364, subsection 2, of the Civil Code of 1910 provides that "upon suits, judgments, and decrees for money, they (attorneys at law) shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment or decree until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them."

The attorneys for the Georgia Casualty Company, the defendant in error, contend that the above-quoted provision of the workmen's compensation act gives to a person who has paid compensation under the act a claim, to the extent of the compensation, upon the fund recovered by the beneficiary in an action for tort against a third person responsible for the injury, superior to that of the lien of the attorneys for their fees upon the amount recovered against the third person in tort action by the beneficiary to whom compensation has been paid. In support of this contention they rely upon certain decisions of the Supreme Court of Alabama and the Appellate Division of the Supreme Court of New York. The case of Georgia Casualty Co. v. Haygood, 210 Ala. 56 (97 So. 87), relied upon by counsel for the plaintiffs in error, does not hold that the attorneys who obtained a judgment in a tort action in behalf of the beneficiary under the compensation act against a third person causing the injury are not entitled to their lien upon the fund recovered in this action. It merely holds that where a beneficiary has recovered damages against a third person, the full amount recovered, without any reduction therefrom of an amount representing attorney's fees, will be credited upon the compensation received by the beneficiary. The cases of Solomone v. Dagnon Contracting Co. and Kabel v. Lane Engineering Co., both decided by the Appellate Division of the Supreme Court of New York and reported respectively in 194 App. Div. 50 (184 N. Y. Supp. 735), and 196 App. Div. 669 (187 N. Y. Supp. 833), and relied upon by the defendants in error, do not hold that the attorneys representing the beneficiary in a tort action against a third person forfeit their lien for fees upon the judgment, but hold, as was stated in Kabel v. Lane Engineering Co., supra, that the full amount of the recovery, "although their attorneys receive a percentage of the recovery," is credited against the amount of compensation recovered by the beneficiary, thus reducing the compensation by the amount recovered in the tort action. The ruling in these cases would be applicable had Ewing, through his attorneys Branch & Howard, collected the $5,000 recovered in the suit against the Southern Mortgage Company, and Branch & Howard had actually received their fee out of this recovery in the sum of $1666.66-2/3, and Ewing afterwards had been awarded compensation against the employer and the Georgia Casualty Company, as the insurance

carrier, in the sum of $6,000, and the compensation had not been paid. The $5,000, representing the entire recovery in the tort action of Ewing against the Southern Mortgage Company, which necessarily included the amount already paid the attorneys as fees for its collection, and not the net amount less the attorneys' fees, namely $3333.33-1/3 would be credited against the compensation. This is the situation to which the first provision of the quoted section 2 of the workmen's compensation act would apply. The substance of this provision is that where an injury is compensable under the workmen's compensation act, and there is also a legal liability therefor in tort against a third person, "the amount of compensation to which he [the beneficiary] is entitled under this act shall be reduced by the amount of damages recovered." This necessarily means a reduction by the total amount recovered,—as in this case the $5,000. By an application of this provision of the act the attorneys bringing the tort action have not lost their lien upon the entire sum recovered. This provision of the act therefore may be applied with full recognition of the attorneys' lien for fees on the sum recovered in the tort action. If, however, the compensation awarded to the beneficiary has been actually paid, which in this case amounts to $609, the person who has actually paid this compensation is, under the terms of the act, "entitled to indemnity out of the tort feasor . . to the extent of the compensation." It is contended by the insurance carrier that this provision of the act gives an absolute right to the person who has paid the compensation to indemnity against the tort feasor out of the amount recovered against him by the beneficiary to the full amount of the compensation which has been paid, and that the insurance carrier who has paid the compensation is entitled to be thus indemnified, in the full amount of the compensation paid, out of the sum recovered by the beneficiary from the tort feasor, irrespective of and regardless of any lien for fees which the attorneys for the beneficiary may have upon the amount recovered. In other words, it is the contention of the insurance carrier that this provision of the act repeals the act which gives to the attorneys a lien for fees in so far as this lien attaches to an amount of the judgment equal to the compensation paid. Repeals by implication are not favored, and this provision in the workmen's compensation act will not be construed as operating to repeal the act which gives to the at-

torneys for the injured person a lien for fees upon the judgment recovered against the tort feasor unless the terms of the act imperatively demand such a construction. The expression in the workmen's compensation act that the person who has paid compensation is entitled to "indemnity" from the person liable in damages, "to the extent of the compensation," does not demand the construction that this indemnity is guaranteed out of the amount of the recovery to the extent of the compensation, but is susceptible to the construction that the right to indemnity goes only to the extent of the compensation, and can not exceed the amount of the compensation, and that indemnity up to this amount will not be paid unless such payment can be made with due regard to the existing rights of others. The insurance carrier has paid the compensation under a clear cut legal liability imposed by statute, and, but for the fortunate circumstance of there being a recovery in behalf of the beneficiary against a third person for damages for having tortiously inflicted the injury, the insurance carrier would have no indemnity whatsoever, and would suffer a total loss in the amount of the compensation which it had paid. The statute, therefore, in awarding to the person paying the compensation an indemnity out of the sum recovered by the beneficiary against the tort feasor, simply gives, without any consideration whatsoever to the person paying the compensation, a fund to which it in equity and good conscience is more entitled than the beneficiary, who, if permitted to retain it, would receive double compensation for his injury. The act, therefore, in providing this indemnity to the person who has paid the compensation, will not be construed as giving to this person this privilege or advantage at the expense of the well-recognized rights of other people in the fund, as, for instance, the right of the attorneys of the beneficiary to a lien for their fees upon the sum recovered of the tort feasor. Besides, the act, in giving this right to indemnity to the person paying the compensation, provides that he "shall be subrogated to the rights of the employee against the tort feasor to recover" the amount of this indemnity, "to the extent of the compensation." It would seem, therefore, that the right of the person who has paid compensation to recover indemnity therefor is by way of *subrogation* "to the rights of the employee to recover" from the tort feasor. This being the case, the right of the person who has paid the com-

pensation to recover the indemnity from the tort feasor is the same right, and no more, of the employee to recover of the tort feasor. If the right of the employee to recover of the tort feasor is incumbered with the lien in favor of his attorneys upon the amount recovered, the right of the person who has paid the compensation to recover, by subrogation to the rights of the employee, of the tort feasor, an indemnity for the compensation paid is necessarily incumbered with the right of the attorneys for the employee to enforce any lien which they may have for fees against the sum recovered.

Since the person paying the compensation is not entitled to enforce his right to the indemnity at the expense of, and by encroachment upon, any lien for fees which the attorneys for the employee may have upon the sum collected in the suit for damages by the employee against the tort feasor, and since the employee is not equitably entitled to withhold from the person paying the compensation any sum recovered by the employee from the tort feasor in the nature of damages, to the extent of the amount of the compensation already paid to the employee, and thus receive double compensation for the injury, it would seem that the person who has paid the compensation is clearly entitled to indemnity, to the extent of the amount of the compensation, out of the fund recovered by the employee from the tort feasor as damages for the injury only after a deduction from the amount recovered of a sum sufficient to satisfy, for the full amount, the lien for fees of the employee's attorneys upon the fund. Where, however, it appears that out of the amount recovered by the employee against the tort feasor there is a sum sufficient to satisfy the lien of the attorneys for fees and also to pay the compensation, the right of the attorneys to enforce their lien for fees out of the fund is not affected by allowing an indemnity to the person who has paid the compensation, in the full amount of the compensation paid.

Since the $5,000 recovered in the tort action is sufficient to pay Branch & Howard their fee amounting to $1666.66-2/3 and also the compensation amounting to $609, the full amount of the compensation can be paid to the insurance carrier by way of indemnity, and there will still remain an amount of the fund, namely $4,391, sufficient to satisfy the attorneys' lien for fees amounting to $1666.66-2/3. While it appears from the undisputed evidence as

agreed upon in this case that Branch & Howard, the attorneys for the employee, have not received the full amount of their fee, but are still unpaid on their fee an amount equal to a third of the $609, namely $203, yet since the balance of the fund of $5,000, less the $609, claimed by the insurance carrier as indemnity for the compensation paid to the employee, namely $4,391, is sufficient to satisfy Branch & Howard's claim for fees in their full amount, Branch & Howard must look to this balance for a satisfaction of their lien for fees. If they have allowed the opportunity to collect their entire fee from the balance of the money coming to their client over and above the $609 to pass, the misfortune is theirs. The court did not err in refusing to award to Branch & Howard, as intervenors, any sum whatsoever for attorneys' fees out of the $609.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*