22437.   SUTTON *v.* MACON GAS COMPANY.

JENKINS, P. J.   1. While it has been held that where a party to a cause has been formally adjudged insane after the signing of the bill of exceptions, the guardian appointed by the ordinary may be made a party to the record in the appellate court (*Central of Ga. Ry. Co.* v. *Harper,* 124 *Ga.* 836, 53 S. E. 391), the Court of Appeals was established for the correction of errors of law, and it has no jurisdiction to determine the insanity of a party to a writ of error pending before this court for the purpose of appointing a guardian ad litem for him.   Since it does not appear that the plaintiff in error has ever been adjudged insane by a court competent so to do, the case here must be dealt with as between the parties who appear as parties to the record, and without any refer-

ence to the sanity or insanity of the plaintiff in error. The motion to have a guardian ad litem designated as party plaintiff in error in his stead must therefore be denied.

2. The Industrial Commission has no authority, after a full hearing and the rendition of an award denying compensation to a claimant, from which no appeal is entered, to entertain another application by the claimant, filed after the time provided in the act for entering an appeal, and more than two years after the award denying compensation, for a review of such previous award on the ground that it was "contrary to law," and that it was "procured by fraud." Nor has the Industrial Commission authority, after a full hearing and the rendition of an award denying compensation, from which no appeal is entered, and after the expiration of more than two years from the date of the original award, to grant another hearing for the taking of evidence and reconsider the case upon its merits. *Ætna Life Ins. Co.* v. *Davis*, 172 *Ga.* 258 (157 S. E. 449); *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613 (123 S. E. 897). This is true although upon the happening of the accident the claimant and the employer may have entered into an agreement, with the approval of the Industrial Commission, for the payment of a stipulated weekly sum by the employer to the claimant during the "period of disability," where upon a subsequent hearing, had at the request of the employer, further payments of compensation were discontinued upon the finding by the Industrial Commission that the claimant no longer suffered from any disability resulting from the accident. Whether the rule would be different in a case in which such latter application to the Industrial Commission is based upon an alleged change in the physical condition of the claimant, arising subsequent to the previous finding of the commission that no disability existed, it is not necessary to determine, since the instant application is not based upon any such ground, but in one count seeks a review of the previous award denying further compensation upon the ground that it. was "contrary to law" and was "procured by fraud," and in the other count seeks an award of compensation in the claimant's favor on the ground that he in fact sustained total and permanent injuries in the previous accident.

3. Under the foregoing rulings, the Industrial Commission properly declined to reopen the instant case on the application of the claimant, filed more than two years after the award denying him compensation, to which no appeal was entered, and the judge of the superior court did not err in affirming the action of the commission. Since it does not appear from the judgment entered in the superior court that judgment was rendered against the claimant for costs, it is not necessary to determine whether the affidavit filed by him in forma pauperis operated to relieve him from the payment of costs.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided November 19, 1932. Rehearing denied January 31, 1933.

302

*E. N. Freeman,* for plaintiff.

*B. J. Fowler, Wallace Miller,* for defendant.