22995. JONES *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED JANUARY 9, 1934. REHEARING DENIED JANUARY 29, 1934.

*John J. McCreary, Slabaugh & McDonald,* for plaintiff.

*Harry L. Greene, McDaniel, Neely & Marshall,* for defendants.

JENKINS, P. J. 1. "A judgment of nonsuit is no bar to a subsequent action for the same cause brought in due time." Civil Code (1910), § 5942. A judgment upon a directed verdict for the defendant, necessarily determining the merits of issues involved in the case, will bind the plaintiff as a res adjudicata or estoppel by judgment against him. See *Wolfe* v. *Ga. Ry. & El. Co., 6 Ga. App.* 410, 412 (65 S. E. 62); *House* v. *Benton, 42 Ga. App.* 97 (155 S. E. 47).

2. "When at the conclusion of the evidence offered for the plaintiff it appears that he has failed to make out a prima facie case, it is error to direct a verdict for the defendant on which final judgment can be entered; but the court should award a nonsuit, thereby reserving to the plaintiff the right to institute a subsequent action for the same cause, if he so desires." *Hines* v. *McLellan, 117 Ga.* 845 (45 S. E. 279); *Gowan* v. *New Orleans Naval Stores Co., 157 Ga.* 107 (2), 111 (120 S. E. 776); *Williams* v. *Perry, 136 Ga.* 453 (3) (71 S. E. 886); *Copeland* v. *Jordan, 147 Ga.* 601 (2) (95 S. E. 13); *Equitable Mfg. Co.* v. *Davis, 130 Ga.* 67 (4), 71 (60 S. E. 262); *Richardson* v. *Hames, 143 Ga.* 392 (85 S. E. 126); *Watson* v. *Barnes, 125 Ga.* 733 (2, 3), 735 (54 S. E. 723); *Massoud* v. *Lamar Drug Co., 18 Ga. App.* 398 (2) (89 S. E. 442); *Williams* v. *Farmers State Bank, 22 Ga. App.* 656 (4), 660 (97 S. E. 249). See also *Thompson* v. *Etowah Iron Co., 91 Ga.* 538 (2) (17 S. E. 663); *Guest* v. *Tyner, 141 Ga.* 402 (81 S. E. 125); *Murphy* v. *Ga. Ry. & El. Co., 4 Ga. App.* 522, 523 (61 S. E. 1133).

3. Under section 53 of the workmen's compensation act, "processes and procedure . . shall be as summary and simple as reasonably may be." Under section 57, the Industrial Commission or any of its members, after hearing the parties, their representatives and witnesses, "shall determine the dispute in a summary manner," and the "award, together with a statement of the findings of fact and other matters pertinent to the questions at issue," is then to be "filed with the record of proceedings." In the administration of the act, the technical niceties of pleading and procedure as applied to other courts need not be strictly complied with. *Maryland Casualty Co.* v. *Gill, 46 Ga. App.* 746 (169 S. E. 245). See *Southeastern Express Co.* v. *Edmondson, 30 Ga. App.*

697, 699 (119 S. E. 39) ; *Davis* v. *Menefee,* 34 *Ga. App.* 813 (2) (131 S. E. 527).

4. · The powers of the Industrial Commission to reopen· and re-hear cases in which an award has been made are limited by the compensation act, and, under section 59, "any award . . with respect to which no application for a review" is filed when and as provided shall be "a final award conclusive and binding as to all questions of fact," subject to the right of appeal to the superior court, in which event the findings of fact made by the commission within its power "shall, in the absence of fraud, be conclusive;" and the award is not to be set aside on the evidence unless it be found "that the facts found by the Industrial Commission do not sup-port the order or decree," or "there is not sufficient competent evi-dence in the record to warrant . . the order or decree," or that it "is contrary to law." The doctrine of res adjudicata applies to such an unreversed order or decree. *Gravitt* v. *Ga. Casualty Co.,* 158 *Ga.* 613, 615, 618 (123 S. E. 897); *Ætna Life Ins. Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449); *Sutton* v. *Macon Gas. Co.,* 46 *Ga. App.* 299 (2) (167 S. E. 543).

5. Where an application for compensation is dismissed by the Industrial Commission or one of its members, without determining the merits of matters in question, and the claim is refiled or a second claim is filed within the one-year limitation of the act (§ 25), or is filed without objection as to such time, the commission or a member may hear and determine the application upon its merits. *Thigpen* v. *Hall,* 46 *Ga. App.* 356 (167 S. E. 728). This rule would also seem to apply where a first claim has been dismissed merely because of insufficient proof, without any award in the em-ployer's favor, where the evidence has not been sufficiently de-veloped by the claimant and no testimony has been offered by the adverse party. But such a rule has no application where, as in the instant case, one of the commissioners hears a claim upon the issue as to whether a deceased employee died by heat exhaustion in the course of his employment, and receives evidence not only from the applicant but from others, and, while making a finding that the claimant has not sustained her claim by competent evidence and dismissing the claim, makes other findings of fact as to what had been proven, and where on review the full commission makes find-ings of fact as to what had and had not been proven under the evi-.

dence, and finds that when "the employee suffered a heat stroke he was not particularly exposed to the hazard of a heat stroke by reason of his employment, and was not as much exposed to this hazard as he had been in the past," by reason of certain other facts found, and enters an order approving the findings of the commissioner, and that "the award *denying compensation* to the widow of the deceased is affirmed." The record in this case contains no transcript of the evidence, and, while it fails to show who offered the testimony of the several witnesses, does not show that it was offered solely by the claimant, and that no proof was submitted by the adverse parties. On appeal, the order of the commission was affirmed, and this court treated the order as an "award" which "denied compensation," and as a finding upon the merits, and not as a technical dismissal or a dismissal in the nature of a nonsuit for a mere deficiency in the proof offered by the claimant. *Jones* v. *American Mutual Liability Co.,* 45 *Ga. App.* 392-394 (165 S. E. 167). The mere fact that the commissioner, who first passed upon the evidence, stated in his findings that the claim should be "dismissed" would not be controlling, in the light of the rest of his award, the subsequent final judgment of the commission, and the decision of this court passing upon the facts and merits of the case. In *Independence Indemnity Co.* v. *Sprayberry,* 171 *Ga.* 565 (156 S. E. 230), the commission had entered an order that the "claim for compensation is dismissed," after finding that the employee had not carried the "burden" of showing that the accident arose out of and in the course of his employment, and also finding that it did not so arise; yet the Supreme Court, in reversing the decision of this court (41 *Ga. App.* 133, 152 S. E. 125), treated the order of the commission not as a dismissal in the nature of a nonsuit, but as a decision on the merits under all the evidence, and held that "the commissioner's findings are conclusive as to facts, where supported by any evidence." As the instant record fails to show a nonsuit or dismissal in the nature of a nonsuit, it need not be determined whether such a nonsuit or dismissal, entered upon a claim before the introduction of adverse testimony, would be proper under the informal procedure controlling the commission, or whether only an award or order denying the claim or finding for the adverse parties would be appropriate, where the claimant's proof fails to show that he is entitled to compensation and the adverse parties have offered no evidence.

5.   The orders and judgment of the commission and of this court, having in effect denied compensation to the claimant upon the merits of her first claim, and not being a mere dismissal, operated as a res adjudicata against her rights.   The superior court therefore did not err in sustaining the commission in its denial of her right to file a second claim or application for hearing, involving the same matters as those set forth in her first claim.

*Judgment affirmed.   Stephens and Sutton, JJ., concur.*