33627. ADEL BANKING CO. *v.* PARRISH *et al.*

DECIDED JULY 16, 1951.

330

*Edward Parrish,* for plaintiff.

*Franklin, Eberhardt & Barham,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) 1. It

is conceded that the bill of sale to secure debt held by the plaintiff is a junior lien to that of the Moultrie National Bank. It is also conceded that at the time the claimant received the transfer of the note and bill of sale he made a final payment on the equipment of $105.49, that the amount of this final payment was due him in any event, and that a tender of that amount was made and refused, the claimant contending that he was due the total amount of payments made by him after his agreement with the defendants to take over the obligation and the security thereon, in the sum of $1935.63. Certainly the transfer of the bill of sale to him operated as a valid assignment which vested the title to the property in himself. See *Dawson* v. *English*, 8 *Ga. App.* 585 (69 S. E. 1133); *Joiner* v. *Stallings*, 127 *Ga.* 203 (56 S. E. 304); *Blakely Artesian Ice Co.* v. *Clarke*, 13 *Ga. App.* 574 (3) (79 S. E. 526). The purpose of the assignment was to give him, as a creditor, security for money paid out on the property by agreement with the defendant debtors, in which agreement they specifically accepted him as creditor in place of the Moultrie National Bank to the extent of the payments made by him on the note. These payments amounted to $1935.63 and, the defendants having failed to pay this amount on the note, they still owed it to the claimant as the owner thereof, and the note and bill of sale remained alive until payment by them of this amount unless extinguished in some other manner. It is obvious that, as between the claimant and the defendants, the former could collect this amount from them by suit, foreclosure or otherwise. Accordingly, since he has title and the right to hold the instruments until the total debt thereunder to him is satisfied, his claim is superior to the title of the plaintiff under the junior bill of sale. There is no contention here that the bill of sale was not properly recorded, or that the plaintiff did not have knowledge of it at the time of making its loan. See Code, §§ 67-1305, 29-401. Neither is it contended that the transaction, although between near relatives, was in any way fraudulent. See *Nolley* v. *Elliott*, 50 *Ga. App.* 382 (4, 6) (178 S. E. 309). The claimant was therefore entitled to the entire amount owing to him under his lien, which was superior to that of the plaintiff in fi. fa.

The plaintiff in error relies upon *Erwin* v. *Brooke*, 159 *Ga.* 683 (126 S. E. 777) and *Federal Lank Bank of Columbia* v. *Barron*, 173 *Ga.* 242 (160 S. E. 228), both dealing with subrogation, in his argument that the claimant in this case did not pay the debt of claimants under such circumstances as would entitle him to be subrogated to their rights. Subrogation is, of course, the substitution of one person for another by reason of payment by that person of a claim owing by the original debtor. Had there been no written assignment and transfer of the note and bill of sale to the claimant here, we would be squarely faced by this proposition, but in view of this assignment, which transferred legal title to the claimant without regard to any other right he may have had, this question is not before the court. The general grounds are therefore without merit.

Where the evidence as a whole, with all reasonable deductions and inferences therefrom, demands a verdict finding the property not subject to the fi. fa., it is not error for the court to direct a verdict in favor of the claimant. *Southern Oldsmobile Co.* v. *Baker*, 25 *Ga. App.* 580 (6) (103 S. E. 826). The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*