### 40792. KNIGHT v. SHELBY MUTUAL INSURANCE COMPANY.

PANNELL, Judge. 1. "When an employee receives an injury for which compensation is payable under this Title, which injury was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this Title shall be reduced by the amount of damages recovered. If the employee or beneficiary of the employee in such case recovers compensation under this Title, the employer by whom the compensation was paid, or the party who was called upon to pay the compensation, shall be entitled to reimbursement from the person so liable to pay damages as aforesaid, and shall be subrogated to the right of the employee to recover from him to the extent of the compensation." Ga. L. 1922, pp. 185, 186; 1937, pp. 528, 530; 211 Ga. 619 (88 SE2d 20). *Code Ann.* § 114-403. While this section does not expressly authorize or provide for an action by the employer or insurance carrier against the employee to recover reimbursement from the employee, (who has recovered by judgment in a separate suit against the third party tortfeasor) up to the amount paid to the employee under the Workmen's Compensation Act, the employer or insurance carrier, because of the equities created under the terms of the above section, is in equity and good conscience entitled to recover as for money had and received for such reimbursement. *Branch & Howard v. Georgia Cas.*

150

*Co.,* 39 Ga. App. 319, 323 (147 SE 144) ; *Travelers Ins. Co. v. Luckey,* 46 Ga. App. 593 (167 SE 907) ; *Travelers Ins. Co. v. Georgia Power Co.,* 51 Ga. App. 579 (1c) (181 SE 111) ; *Williams Bros. Lumber Co. v. Meisel,* 85 Ga. App. 72, 74 (68 SE2d 384).

2. While in cases of automobile collisions between two parties, both of whom suffer damage, and one of the parties, upon payment of a monetary consideration secures a release from the other, the release constitutes a settlement of the claims of both parties against each other, *Cochran v. Bell,* 102 Ga. App. 617 (1) (117 SE2d 645), such rule has no application to the present case, and the settlement entered into by the employer and insurer on the one hand and the employee on the other as to the claim of the employee for workmen's compensation, does not constitute the settlement of any claim of the employer and insurer against the employee arising under the section of the Workmen's Compensation Act referred to in Headnote 1.

3. Upon application of the above rulings to the assignments of error in the present case, the trial court did not err in any of the rulings on demurrer and in granting a summary judgment against the employee.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED JULY 16, 1964—REHEARING DENIED JULY 28, 1964.

*A. J. Whitehurst,* for plaintiff in error.
*Perry, Walters & Langstaff, S. B. Lippitt, Jr.,* contra.