43680.   TRAVELERS INSURANCE COMPANY et al. v.
HOUCK et al.

ARGUED JUNE 4, 1968—DECIDED JUNE 18, 1968—
REHEARING DENIED JULY 9, 1968—

*Greene, Buckley, DeRieux, Moore & Jones, Burt DeRieux, James A. Eichelberger, Edgar A. Neely, III,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for appellees.

HALL, Judge. "It is . . . elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a simple windfall

to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone." 2 Larson's Workmen's Compensation Law 166-167, § 71.20. The philosophy stated in the foregoing quotation was adopted in the Georgia Workmen's Compensation Act. Ga. L. 1922, pp. 185, 186, as amended (*Code Ann.* § 114-403).

The claimant, relying on *Bloodworth v. Jones,* 191 Ga. 193 (11 SE2d 658), contends that since the children have no right to bring an action for the death of their father while their mother is alive, the children in this case had no cause of action to which the employer and insurer could be subrogated as provided by the statute, *Code Ann.* § 114-403, supra. This argument is answered by the decision of the Georgia Supreme Court in *Walden v. Coleman,* 217 Ga. 599, 605 (124 SE2d 265, 95 ALR2d 579): ". . . each of the beneficiaries specified by *Code* § 105-1302 has a separate cause of action for the death of their husband and father, which the mother, if in life, asserts by action *for all of them.* . ." (Emphasis supplied.) See also *Dunn v. Caylor,* 218 Ga. 256, 260 (127 SE2d 367).

The record in this case shows that the Federal court which made the judgment in the wrongful death action recognized it to be the law of Georgia that the minor children had interests in the recovery, the court reciting that the plaintiff "as widow . . . and mother of the said children is entitled to recover for the full value of the life of decedent as provided by Section 105-1302, Georgia Code Annotated." (Judgment dated February 20, 1967, Houck v. F. H. Ross and Company, Civil Action No. 9752, United States District Court, Northern District of Georgia.)

The State Board of Workmen's Compensation correctly determined that the employer and insurer were entitled to receive the sum withheld from the judgment and were relieved of further liability to the widow and minor children, and the trial court erred in reversing the board and holding that the employer and insurer were entitled to recover only one-fourth of the compensation paid and that the children were entitled to future compensation under the award.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*