43740. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. TOLISON.

Argued June 3, 1968—Decided November 15, 1968.

*Brackett, Lyle & Arnall, H. P. Arnall, Claud F. Brackett, Jr.,* for appellants.

*Charles L. Drew,* for appellee.

Eberhardt, Judge. The sole question for decision is whether, in a claim for workmen's compensation, the employer or insurance carrier is entitled to credit for sums received by the employee in settlement of a claim against the third party tortfeasor causing the injuries, where the written notice provided for by *Code Ann.* § 114-403 is not given by the employer or carrier to the employee or to the tortfeasor. *Code Ann.* § 114-403 provides: "Whenever any person is called upon to pay compensation, medical expenses and/or funeral expenses on account of injury or death compensable under this Title, and such person contends that a person or persons other than the employer is liable to pay damages, on account of such injury or death, to the injured employee or those entitled to recover for the employee's death, such person called upon to make such payment may give

to the persons contended to be so liable and to the injured employee or those entitled to recover on account of his death written notice of such contention and of the fact that the person giving notice is required to make such payment. *Upon giving such written notice,* the person called upon to make such payment shall be subrogated, to the extent of the compensation medical expenses and/or funeral expenses payable, to all rights arising out of the injury or death which the injured employee or those entitled to recover on account of his death shall have against such notified persons, and shall have a lien therefor against the net recovery of any judgment or settlement recovered by the injured employee or those entitled to recover on account of the employee's death against any of the persons so notified." (Emphasis supplied.)

It is readily apparent from the plain wording of the statute that it is only "upon giving such written notice" that a lien against the recovery and right to subrogation arises by virtue of that statute; and, since no written notice has been given up to this point, it only remains to be determined whether the statute constitutes the exclusive authority for crediting the employer or carrier with sums paid by the tortfeasor.

Prior to Ga. L. 1922, p. 189, amending the Workmen's Compensation Act by enacting the forerunner of the present *Code Ann.* § 114-403, the injured employee was entitled to the full amount of damages from the tortfeasor *and* the full amount of compensation payable under the Act; and a settlement by the employee with the tortfeasor did not inure to the benefit of the employer and could not be pleaded by him in bar of compensation. *Atlantic Ice &c. Corp. v. Wishard,* 30 Ga. App. 730 (1, 3) (119 SE 429). It was only by virtue of the amendment of 1922 that the employee's right to both compensation from the employer and damages from the tortfeasor was circumscribed so that the employer or carrier was entitled to reduce the amount of compensation by the amount of damages recovered. *Liberty Mut. Ins. Co. v. Crist,* 86 Ga. App. 584, 589 (71 SE2d 910); *Travelers Ins. Co. v. Luckey,* 46 Ga. App. 593, 595 (167 SE 907); *Atlantic Ice &c. Corp. v. Wishard,* supra. Cf. *Continental Cas. Co. v. Swift & Co.,* 222 Ga. 80 (148 SE2d 489).

Since it is only by virtue of statute that a reduction or credit is authorized, and the terms of the statute have not yet been met, it must follow that the judgment of the lower court denying a credit for sums received in settlement from the tortfeasor was correct.[1]

This does not mean, however, that the employer in this case may never take credit for the settlement with the tortfeasor. *Code Ann.* § 114-403 provides that notice may be given *"Whenever any person is called upon to pay. . ."* (Emphasis supplied.) It may be argued that "whenever" is used merely in the sense of "in the event that," and, if so, then *Code Ann.* § 114-403 is silent as to the time requirements for giving notice. If the contrary interpretation be adopted, however, and the phrase "Whenever any person is called upon to pay" be construed as referring to the time at which notice must be given, it can not be doubted that a person is "called upon to pay" so long as there is an outstanding judgment against him requiring him to pay. This being so, the employer in this case may yet give the notice as provided by the Code section and insist upon credit for the sums received in settlement as against any additional or future compensation benefits or payments due claimant.[2] This result is in keeping with the purpose of *Code Ann.* § 114-403, which is to "recoup the employer's loss, to prevent a double recovery by the employee and to do substantial jus-

---

[1]*Southern R. Co. v. Overnite Transportation Co.,* 223 Ga. 825 (158 SE2d 387) and *Knight v. Shelby Mut. Ins. Co.,* 110 Ga. App. 149 (1) (137 SE2d 925) are not in point, since in *Southern* the notices were sent as required by the present statute and in *Knight* no notice was necessary, that case being decided under the forerunner of the present statute which did not make the giving of notice the event upon which credit or reduction rights should arise.

[2]Nothing said in this paragraph applies to a subrogation claim against the third party tortfeasor who has settled with claimant prior to notice, or to recovery from the claimant of compensation paid by appellants prior to notice. Appellants appreciate the difficulties involved in such a situation and seek credit only against future compensation payments.

tice." *Southern R. Co. v. Overnite Transportation Co.,* 223 Ga. 825 (6) (158 SE2d 387). Compare *Travelers Ins. Co. v. Houck,* 118 Ga. App. 154 (162 SE2d 781).

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*