45559, 45560. FIREMAN'S FUND INSURANCE COMPANY et al. v. CROWDER; and vice versa.

EVANS, Judge. This is a workmen's compensation case. The right of an insurer to subrogation is one of the principal questions herein; and the jurisdiction of the State Board of Workmen's Compensation to administer funds from an insurance policy for

medical benefits, in excess of the statutory amount required, is the other principal question to be decided. The employee collected $55,998.40 from a third-party tortfeasor. The employer was carrying insurance for the statutory amount of $5,000, required for medical benefits, and by endorsement an additional $10,000 was added to the policy, making $15,000 as the total amount apparently available for medical expenses. The insurer had actually paid out $998.40 in compensation to the employee and $1,129 in medical expenses. Because of the large sum collected by the employee from the third-party tortfeasor, the insurer contended, in effect, that it had given the proper notice of its right of subrogation and should not be required to pay anything; and the State Board of Workmen's Compensation agreed with the insurer in large part. The award of the board directed the employee to refund to the insurer $1,129 medical payments and $998.40 compensation payments (which had been collected at the rate of $38.40 per week according to the award), the total amount for compensation payments which the employee could collect being $15,360; and the order of the board further extinguished any future liability by the employer-insurer to the employee for compensation payments and for medical payments to the extent of the statutory amount which is $5,000. Thus, it might appear that the board's order attempted to extinguish $14,361.60 of compensation payments not yet collected by the employee, and $3,871.00 of medical payments not yet collected. (The employee had a judgment for a part of the above named compensation payments, and no ruling here is intended to determine the efficacy of that judgment). The insurer, however, contends that because of the $15,000 limits as to medical payments in the insurance policy (whereas only $5,000 was required by statute) that it is entitled to a further judgment for an additional $10,000 as a credit against possible future medical expense. The employee contends the board erred in requiring him to repay any sum to the insurer; and erred in extinguishing the compensation payments retroactively for certain monthly payments which the insurer actually had not paid to him. He also contends the notice to him of the insurer's right to subrogation was defective. *Held:*

1. The rights and liabilities of employers and employees in a workmen's compensation case are governed by the Workmen's Compensation Act, as amended. The Act itself constitutes a complete code of laws upon its administration, hence no contract or agreement, written, oral or implied, can in any manner operate to change the law. Further, the board is not a court authorized to render judgments on contracts or render a declaratory judgment since it merely determines the amount of compensation and the time of payment in accordance with the Act. *City of Hapeville v. Preston,* 67 Ga. App. 350 (2) (20 SE2d 202); *Maryland Cas. Co. v. Stephens,* 76 Ga. App. 723 (47 SE2d 108); *Tillman v. Moody,* 181 Ga. 530, 531 (182 SE 906); *Lloyd Adams Inc. v. Liberty Mut. Ins. Co.,* 190 Ga. 633 (10 SE2d 46).

2. The Workmen's Compensation Board is without authority of law to revoke, modify or change an award or agreement, duly approved, for compensation and medical expenses retroactively. The attempt by the board to order the employer-claimant to repay certain payments received is beyond the authority of the board to change the finality of the judgment previously made by ordering repayment. It is an absolute nullity, and is surplusage to the award here made. *Code* §§ 114-111, 114-403, 114-415, 114-705, 114-711, as amended by Ga. L. 1963, pp. 141, 145; *Bishop v. Bussey,* 164 Ga. 642, 647 (139 SE 212); *Sutton v. Macon Gas Co.,* 46 Ga. App. 299 (2) (167 SE 543); *Jones v. American Mut. Liab. Ins. Co.,* 48 Ga. App. 351 (172 SE 600); *Hartford Acc. &c. Co. v. Tolison,* 118 Ga. App. 660, 662 (165 SE2d 192); *Gravitt v. Ga. Cas. Co.,* 158 Ga. 613 (123 SE 897); *Aetna Life Ins. Co. v. Davis,* 172 Ga. 258 (157 SE 449); *Knight v. Shelby Mut. Ins. Co.,* 110 Ga. App. 149 (1) (137 SE2d 925).

3. The State Board of Workmen's Compensation having determined that all parties received notice of the subrogation rights of the insurer and employer as required in accordance with the workmen's compensation subrogation statute (Ga. L. 1922, pp. 185, 186, as amended; 1937, pp. 528, 530; Ga. L. 1963, pp. 141, 145; *Code Ann.* § 114-403), the insurer and employer are entitled to subrogation rights under this law. However, the board had no authority over additional medical benefits provided by the additional medical coverage endorsement for $10,000 over

and above that authorized by law (*Code Ann.* §§ 114-403, 114-501 as amended by Ga. L. 1963, pp. 141, 145; Ga. L. 1968, pp. 3, 6). The board has jurisdiction over such sum only to the amount of $5,000. The additional medical coverage endorsement is a contract by and between the insurer and the employer which provides rights to the employee in which he has property rights to sue. See *Code Ann.* § 3-108 (Ga. L. 1949, p. 455).

4. The board did not err in holding that the award of medical payments was "extinguished to the extent of the compensation payments for which Fireman's Fund Insurance Company is liable and the medical payments up to the statutory amount" of $5,000. However, the board erred in directing Crowder to refund any sums either for medical payments or for weekly compensation payments heretofore awarded to him. While the cross appellant claims that the court erred in extinguishing the claim of the employee for compensation payments or medical payments which were past due and unpaid at the date of the award, this was not the effect of the award.

5. Since as ruled above, the board could not order the employee-claimant to refund any payments heretofore made to him under an award, and that the same was surplusage, but that the findings of the board were otherwise correct, the judgment of the lower court must be affirmed. However, no ruling is here made as to the right of the subrogee to file any civil action against either the claimant or the insurer of the third-party tortfeasor. See *Branch & Howard v. Ga. Cas. Co.*, 39 Ga. App. 319 (147 SE 144); *Knight v. Shelby Mut. Ins. Co.*, supra.

*Judgment affirmed on the main appeal and on the cross appeal. Bell, C. J., Jordan, P. J., and Quillian, J., concur. Pannell, Deen and Whitman, JJ., concur specially, Hall, P. J., and Eberhardt, J., dissent.*

ARGUED SEPTEMBER 16, 1970—DECIDED FEBRUARY 23, 1971—REHEARING DENIED MARCH 18, 1971—CERT. APPLIED FOR.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl,* for appellants.
*Seay & Sims, Marshall R. Sims,* for appellee.

DEEN, Judge, concurring specially. I concur in the result reached by the writer of the majority opinion but feel that the proper judgment to be entered up would be "Judgment affirmed on main appeal; affirmed in part and reversed in part on cross appeal."

I am authorized to state that Judges Pannell and Whitman, concur herewith.

HALL, Presiding Judge, dissenting. I concur in the holding that the board has no jurisdiction over medical coverage in excess of the statutory $5,000 and therefore cannot adjudicate subrogation rights in excess of this limit.

While the majority opinion states the judgment is affirmed, the language of Divisions 2, 4 and 5 appears to reverse that part of the court's judgment which affirmed the board's directive that the claimant refund to the insurer the sums previously received in compensation and medical expenses. It is to this language that I dissent.

The opinion says the board is without authority to alter the finality of its previous judgment that compensation was payable. The action of the board did not revoke its previous decision. It merely exercised its authority to enforce subrogation rights which are clearly provided in *Code Ann.* § 114-403. The board has the authority to decide and enforce subrogation issues arising under the Act. See *Travelers Ins. Co. v. Houck,* 118 Ga. App. 154, 156 (162 SE2d 781), cert. den. 118 Ga. App. 867. The majority opinion seems to hold that the board has no jurisdiction over *Code Ann.* § 114-403. This is difficult to understand when *Code* § 114-715 provides: "All questions arising under this Title, if not settled by agreements of the parties interested therein, with the approval of the State Board of Workmen's Compensation, shall be determined by the members, except as otherwise herein provided."

To hold that the claimant cannot be ordered to refund amounts already received from the insurer even though he has also recovered from the tortfeasor is to nullify the real purpose of *Code Ann.* § 114-403 as defined by Georgia court decisions. The Supreme Court has held: "The real purpose of the provisions in the workmen's compensation law for giving to the employer the right of subrogation has been described as a means for recouping the

employer's loss and to prevent a double recovery by the employee and to do substantial justice." *Southern R. Co. v. Overnite Transportation Co.,* 223 Ga. 825, 830 (158 SE2d 387). This court has held, quoting 2 Larson's Workmen's Compensation Law 166-167, § 71.20: "It is . . . elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a simple windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone." *Travelers Ins. Co. v. Houck,* supra, p. 155. Subrogation normally arises when the person seeking it has made a "payment." *Adel Banking Co. v. Parrish,* 84 Ga. App. 329, 332 (66 SE2d 150); *First Nat. Bank v. American Surety Co.,* 71 Ga. App. 112, 117 (30 SE2d 402).

Further, to hold that there can be no refund for amounts already received will induce workmen's compensation insurers to delay as long as possible, by means of any and every technicality, the payment of benefits when they know they have, in effect, no subrogation. The result will be the negation of a process which was designed to afford speedy relief to an injured worker.

In my opinion, neither the board nor the superior court is in error.

I am authorized to state that Judge Eberhardt concurs in this dissent.

### On Motion for Rehearing.

On December 18, 1970, Judge Hall, the writer of the dissent in this case, dissented, requiring, under our rules, that these cases be considered by the entire court. The vote now stands in case #45559 with seven Judges for affirmance, and two for dissent. As to case #45560, three of the majority of seven are of the opinion

that the judgment should be affirmed in part and reversed insofar as the board attempted to require the claimant Crowder to refund sums received under its claim for payments as workmen's compensation. The majority of seven are in full agreement that the board, being only administrative in nature, had no authority whatsoever to act as a court and attempt to require a claimant to refund any payments. Four of the judges here, including the writer of the majority, are of the opinion that this language was mere surplusage, beyond the authority of the board to act, and amounts to a mere nullity, requiring no reversal. It is quite clear that all the parties involved in this case sought to make this administrative board into a court to declare the rights of the parties (Ga. L. 1945, p. 137; 1959, pp. 236, 238) which can only be done in the superior courts of this State.

The movant here professes still not to understand the decision rendered, professing that the decision implies that any attempt by the insurer to recover these amounts which it had paid, would not lie in any court. This court rendered no such decision since that question must be decided by a court having jurisdiction of the parties and of the subject matter. However, this court did hold that the board was correct in determining that all parties received notice of the subrogation rights of the insurer and employer as required by the statute, and the board properly stopped all future payments of workmen's compensation.

But the main thrust of the motion is that the court erred in holding that the board had no authority over additional medical benefits provided by the additional medical coverage endorsement for $10,000 over and above that authorized by the statute. Even the dissenting judges here are in agreement that the board has no such jurisdiction. Hence, this portion of our judgment is, in effect, affirmed by all nine of our judges. The dissent simply seeks to require the board, in a subrogation case, to declare the rights of all the parties and render a judgment accordingly. Seven of the judges of the majority do not agree.

Because of the history of these cases, and to avoid any future misunderstanding, the above is added to this opinion. We thus repeat: "No ruling is here made as to the right of the subrogee to file any civil action against either the claimant or the insurer of

the third party tortfeasor." Since the Workmen's Compensation Board is not a court and has no jurisdiction to declare the rights of the parties as a superior court, it can merely determine the amount of compensation and the time of payment and change the award it previously made.