GLENS FALLS INDEMNITY CO. *et al. v.*
LIBERTY MUTUAL INSURANCE CO.

No. 15907.   SEPTEMBER 5, 1947.   REHEARING DENIED OCTOBER 17, 1947.

*Harris, Harris, Russell & Weaver,* for plaintiffs in error.

*Anderson, Anderson & Walker,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) If more than one compensation-insurance carrier is liable for compensation in the case of a single injury to an employee, the State Board of Workmen's Compensation has jurisdiction to prorate such compensation in the award when originally made. *American Mutual Liability Ins. Co.* v. *Smith,* 67 *Ga. App.* 581 (21 S. E. 2d, 343); Code, § 114-419. The original award in the instant case, holding the petitioner alone liable for the compensation payments, is conclusive as against the petitioner on that sub-

ject. If that award was erroneous, an appeal therefrom would have been the procedure to correct the error, and the petitioner will not be allowed to refuse to pursue the procedure prescribed by the law for the correction of any error, and after the award has become final resort to equity to avoid the effect of that award.

But the petitioner, obviously recognizing this sound rule, seeks to avoid its binding effect by alleging that the petitioner was laboring under a misapprehension of fact, and that because of this mistake of fact the remedy prescribed by the law for a review by an appeal was not pursued. The allegations of the petition show that under the petitioner's contract there was no liability resting upon it for compensation on account of the injury here involved. The voluntary agreement of the petitioner to become liable and to make such payments would bar subrogation (*Citizens' Mercantile Co.* v. *Easom,* 158 *Ga.* 604, 123 S. E. 883, 37 A. L. R. 378; *Cornelia Bank* v. *First National Bank,* 170 *Ga.* 747, 154 S. E. 234), unless the petitioner's claim of mistake of fact or its claim of conventional subrogation is sustained. A mere statement of the relevant facts as disclosed by the petition shows that there was no mistake of fact which equity can recognize as justification for the action of the petitioner. The content of the petitioner's policy was known or could with required diligence have been known at the time of the agreement. The facts and circumstances of the injury and the employment at the time of the injury, so far as disclosed by the petition, were truthfully and correctly reported and were known by the petitioner at that time. Consequently, any mistake as to any of these material facts was due to inexcusable negligence of the petitioner. Equity requires diligence, and will not do for one that which he could have done for himself but for his own negligence. Code, §§ 37-211, 37-217, 37-116. We do not overlook § 37-212, codified from the decision in *Werner* v. *Rawson,* 89 *Ga.* 619 (2), 629 (15 S. E. 813), and reading as follows: "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." This provision does not save the petition here, for the reason that the allegations, construed on demurrer most strongly against the petitioner, show affirmatively

that the petitioner was guilty of negligence amounting to a violation of legal duty. Nor does it appear that the other party was not prejudiced thereby. In this view it is unnecessary to determine whether the latter provision is applicable only to actions for reformation on the ground of mutual mistake as in the *Werner* case, supra. As pointed out above, subrogation for voluntary payments is not allowed. Subrogation will be allowed, (1) where there are existing circumstances which in equity amount to an implied agreement for subrogation; or (2) where there is an agreement with either the debtor or the creditor whereby one making the payment will be subrogated to the rights and remedies of the original creditor. *Wilkins, Neely & Jones* v. *Gibson,* 113 *Ga.* 31 (38 S. E. 374, 84 Am. St. R. 204); *McCollum* v. *Lark,* 187 *Ga.* 292 (200 S. E. 276). For the reasons above pointed out, the petition here shows no basis for legal subrogation.

The remaining basis upon which the petitioner claims the right to subrogation is the agreement, set forth in the compensation-insurance policy, as quoted in the foregoing statement of facts. The plain language of this agreement shows unmistakably that it was not intended as a basis for subrogation in the present case. The payments for which the agreement authorizes subrogation are payments made under the insurance policy. That means payments which the insurance policy expressly obligates the insurer to make in conformity with the provisions of the policy. As applied in the present case, it would entitle the petitioner to subrogation only when the payments made by the petitioner were in discharge of the obligations imposed by the insurance policy. If the policy of the petitioner required it to discharge the full claim for compensation, then neither the employer nor the employee could under the law demand of or require Glens Falls Indemnity Company or any other compensation-insurance carrier to pay again compensation which they had already received from the petitioner. The only legal demand that could at any time have been made upon another compensation-insurance carrier, while conceding the liability of the petitioner under its policy, would be for a pro rata liability, as pointed out above, in the original award to cover the compensation to which the injured employee was entitled. That is water already passed over the legal dam, in virtue of the award which imposed full liability upon the petitioner and has become final. The

subrogation clause, being a part of the policy issued in conformity with the Workmen's Compensation Law, was obviously intended to apply in favor of the compensation-insurance carrier making the payment as against a tort-feasor who inflicted the injury for which compensation was made as provided by law. Code, § 114-403 as amended. It was not intended and does not by its terms apply in this or any other case as against another compensation-insurance carrier. It follows that the petition alleged no cause of action, and the trial court erred in the judgment overruling the general demurrer thereto.

*Judgment reversed. All the Justices concur, except Atkinson and Head, JJ., who dissent, and Wyatt, J., who took no part in the consideration or decision of this case.*