37603.   NATIONAL UNION INSURANCE COMPANY *v.* MILLS *et al.*

DECIDED MAY 15, 1959—REHEARING DENIED JUNE 11, 1959.

*John M. Williams,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Edward W. Killorin, John L. Shelnutt,* contra.

GARDNER, Presiding Judge. There was no contention regarding change in the condition of the employee. The question involved the respective liability of the two insurance carriers.

There is no provision relative to opening an award and granting a rehearing in such a situation, under Code § 114-106 et seq. There is no doubt as to the liability of such insured employer to the claimant, but the question is only a matter of who pays the compensation.

When the agreement of the parties in September, 1956, was accepted by the State Board of Workmen's Compensation and made the award and order of the board (there being no appeal therefrom), it became conclusive and had the status of a judgment, there being no change in the condition of the claimant and no fraud involved. See *Rourke* v. *U. S. Fidelity &c. Co.*, 187 *Ga.* 636 (1 S. E. 2d 728). See also Code §§ 114-106 and 114-111 and *Maryland Casualty Co.* v. *Stephens,* 76 *Ga. App.* 723 (47 S. E. 2d 108).

The approval by the State Board of Workmen's Compensation of an agreement between the parties for payment of compensation has the same effect as an award. See *Liberty Mutual Ins. Co.* v. *Morgan,* 199 *Ga.* 179 (33 S. E. 2d 336).

If the National Union Insurance Company is indebted to the Continental Casualty Company for any reason, such liability should be determined in a proper action and not by the State Board of Workmen's Compensation in the present proceeding.

It follows that the superior court erred in affirming the findings of fact and award of the full board. The agreement dated October 9, 1956, entered into in this case and the approval thereof constituted an award of the board dated October 16, 1956, and had the status and effect of a conclusive and binding judgment. The case is therefore reversed with direction that the judge of the superior court enter an order directing the State Board of Workmen's Compensation to vacate and set aside the award dated May 30, 1958, and that direction be further given to the State Board of Workmen's Compensation to order the Continental Casualty Company to resume paying compensation in accordance with the original award of October 16, 1956, and until such time as the maximum compensation allowable by law

has been paid or until said award is set aside or modified in a manner provided by law.

*Judgment reversed with direction. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, Judge, concurring specially. It is my opinion that the judgment of the Deputy Director of the Workmen's Compensation Board holding that the board had jurisdiction to reopen the award so as to consider the conflicting issues arising between two insurers of the employer was error. Code (Ann.) § 114-706, to which the hearing director refers in his findings of fact, contemplates only disagreements between the employer and the employee. This disagreement solely concerns the two insurance carriers. I think the issue was settled by *Liberty Mutual Ins. Co. v. Morgan,* 199 *Ga.* 179 (33 S. E. 2d 336), where the Supreme Court, in answer to a certified question, replied that, The State Board of Workmen's Compensation does not have jurisdiction to review the award approved by it to determine which insurance company's policy covered the injury to the employee after the time for appeal had passed. It is urged that there the insurer seeking to have the award modified contended, after agreeing to pay compensation, that it had no coverage, whereas here the insurer admits that it and the other insurer both have coverage and that they are jointly and severally liable. This situation would not alter the board's lack of jurisdiction, but to my mind it would cure the objections to an equity suit for the same relief which existed in *Glens Falls Indem. Co. v. Liberty Mutual Ins. Co.,* 202 *Ga.* 752 (44 S. E. 2d 543), where it was held, in the same controversy, that as to an insurer who is not liable but who voluntarily assumes to pay an award, his negligence will estop him from a suit in equity seeking subrogation. If the liability here is, as it appears to be, a joint and several obligation of both parties, then the payment by National Union Insurance Company of the award in this case is not a voluntary payment. In any event, since the board is without jurisdiction to re-open the award after the time for appeal has passed, except on a change of condition or some like dispute between the employer and the employee, this action decides nothing except the lack of

jurisdiction of the board at this time. I accordingly concur in the judgment of reversal.