## SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY *v.* Jerry TUGGLE and POWELL BROS. FARMS, INC.

CA 80-84                                     603 S.W. 2d 452

Court of Appeals of Arkansas
Opinion delivered September 3, 1980

*Samuel N. Bird* of *Williamson, Ball & Bird*, for appellant.

*Bill R. Holloway* of *Holloway & Haddock*, for appellees.

*Jerry E. Mazzanti* of *Drew & Mazzanti*, for appellee Powell Bros. Farms, Inc.

STEELE HAYS, Judge. This is a workers' compensation

case. Claimant, Jerry Tuggle, was an airplane pilot and was employed by Powell Brothers Farms, Inc., to fly an airplane over rice fields for the purpose of frightening off blackbirds. Powell Brothers Farms, Inc. carried workers' compensation insurance on its farming operation.

On August 28, 1976, the plane crashed and claimant sustained an injury to his back. A claim was made for Workers' Compensation benefits which the carrier denied on the basis that claimant was not an employee but an independent contractor. The carrier also denied that claimant was carried under the insurance policy, contending that coverage extended only to "farms, field crops and drivers."

The Administrative Law Judge found that claimant was an employee of Powell Brothers Farms, Inc., that he was injured in the scope of his employment and that the employers' workers' compensation policy with the carrier did cover the claimant. The full Commission and Circuit Court affirmed the decision of the Administrative Law Judge. Respondent now brings this appeal.

The first point for reversal is that there is no substantial evidence to support the finding of the Workers' Compensation Commission that claimant suffered a compensable injury within the scope of his employment with Powell Brothers Farms. We believe that the case of *Purdy's Flower Shop* v. *Livingston*, 262 Ark. 575, 559 S.W. 2d 24 (1977) is dispositive of the issue. In *Purdy, supra*, the question on appeal was whether there was any substantial evidence to support the Commission's finding that appellee Livingston was an employee of appellant Purdy when he was injured in a fall from a ladder. Livingston had been employed by Purdy to clean the carpets in the flower shop. Purdy furnished the equipment and supplies for the shampooing and instructed him on the mixing procedures. He was paid "by the hour." When Livingston was injured, he was on a ladder hanging a wire for appellant.

In affirming a decision by the Commission that appellant was an employee, the Arkansas Supreme Court outlines factors to be considered in determining whether an

employer-employee relationship exists: (1) the right to terminate Livingston's employment before the job was finished; (2) the amount of compensation being calculated on a time basis; (3) which party furnished materials and equipment; (4) and the employer's ability to exercise some degree of control of the manner of doing the work.

In the case at bar, the fact that Powell Brothers Farms, Inc., furnished the airplane, that it had the right to terminate the services of Jerry Tuggle at will, and that Jerry Tuggle was hired for wages were indicative of an employer-employee relationship. *Purdy's Flower Shop, supra; Feazell* v. *Summers*, 218 Ark. 136, 234 S.W. 2d 765 (1950). In determining the relationship between the employer and employee, the Workers' Compensation Act is to be given a liberal construction in favor of employee and any doubts are to be resolved in his favor. *Feazell* v. *Summers, supra.* In reviewing a decision of the Workers' Compensation Commission, an appellate court must consider only that evidence which is most favorable to the Commission's findings. If there is any substantial evidence to support its decision, it must be affirmed. *Barksdale Lumber Company* v. *McAnally*, 262 Ark. 379, 557 S.W. 2d 868 (1977). We find substantial evidence to support the Commission's finding that appellee was an employee rather than an independent contractor at the time of the injury and, therefore, must affirm on this point.

Appellant's second point is that there is no substantial evidence that the employer had a workers' compensation policy covering claimant at the time of the accident. Appellant argues that the policy coverage is limited by its own terms: "farms, field crops and drivers." Appellant cites *People's Protective Life Insurance Company* v. *Smith*, 257 Ark. 76, 514 S.W. 2d 400 (1974) for the rule that the doctrine of waiver and estoppel cannot be used against an insurer to extend the coverage of a policy, irrespective of the fact that the carrier had knowledge that Powell Brothers Farm had airplanes flying to scare blackbirds.

On the other hand, appellee, Jerry Tuggle, cites Section 38(c) of the Arkansas Workers' Compensation Act. Section 38(c) states:

No policy of insurance shall be issued against liability under this Act unless such policy covers the entire liability of the employer as to the business or businesses identified in the policy.

Claimant argues that rice farming is a complex operation, part of which requires keeping blackbirds out of the fields, and that appellant knew the nature of appellee's farming operation.

We believe the language of Section 38(c) is deliberately broad and is intended to cover the employer's "entire liability" to his employees where the employer has taken out a workers' compensation insurance policy. Larson, Workers' Compensation, Section 92.20, states:

The distinctive feature of compensation insurance is that, although it arises from a contract between the employer and the carrier, it creates a sort of insured status in the employee which comes to have virtually an independent existence. . .

The only situation in which the insurance would be defeated for all purposes by act of the employer is that in which the insurance is void *ab initio*, rather than voidable; this would occur if the employer attempted to insure against an accident that had already occurred, by pre-dating the insurance and fraudulently concealing the known existence of an accident within the period so covered.

We believe the insurance coverage provided by the employer, Powell Brothers Farms, was, at best, voidable. When appellee became an employee for Powell Brothers, the employer had a workers' compensation policy in effect which covered "farm, field crops and drivers." Appellee, Jerry Tuggle, was a farm employee, hired specifically for the purpose of keeping blackbirds out of the rice fields. We find substantial evidence in the record to support the finding of the commission that the employer had a policy of workers' compensation in effect at the time of the injury which covered the claimant.

Finally, appellant contends that the Workers' Compensation Commission lacks jurisdiction over the controversy between respondents, Southern Farm Bureau Casualty Insurance Company and Powell Brothers, Inc. Appellant cites one case for this point, *American Casualty Company* v. *Hambleton*, 233 Ark. 944, 349 S.W. 2d 664 (1961). Its brief states the relevant facts of this case succinctly:

> In *American Casualty Company* v. *Hambleton*, 233 Ark. 944 (1961), the carrier had issued a renewal workman's compensation policy which eliminated certain coverage that had been provided under its predecessor policy, but notice of the reduction in coverage had not been communicated to the employer. Following the death of her husband in a work-related accident, Mrs. Hambleton filed suit in the St. Francis County Chancery Court against the carrier to reform the policy to include the previously deleted coverage. The carrier argued that the chancery court lacked jurisdiction since, under Arkansas Workers' Compensation Law, the Workers' Compensation Commission is the proper forum for the adjudication of worker's compensation claims. The court disagreed, stating:

> "While it is true this is an action under the Workman's Compensation Law of the State of Arkansas, and that the Workman's Compensation Commission is the proper forum for the adjudication of workman's compensation, this action is primarily an action for the reformation of a policy of insurance and no action before the Workman's Compensation Commission could be maintained until that object has been attained. We hold that the administratrix is the proper party to bring this action and the chancery court is the proper forum."

However, we believe that this case can be distinguished in that this dispute arose in Chancery Court where the plaintiffs were seeking reformation of the policy. In the instant case, the case arose in the Workers' Compensation Commission. The issues decided by the Commission were whether: (1) there was a policy in force at the time of the injury, (2)

were all employees covered if such a policy was in force, and (3) was appellee, Jerry Tuggle, an employee; Ark. Stat. Ann. § 81-1324 states:

> In any proceeding for the enforcement of a claim for compensation, the following *prima facie* presumption exists:
>
> (1) That the Commission has jurisdiction.

Appellee, Powell Brothers Farms, Inc., also cites some helpful information from Larsons, Section 92.40:

> The general rule appears to be that, when it is ancillary to the determination of the employees rights, the compensation commission has authority to pass upon a question relating to the insurance policy, including fraud in procurement, mistake of the parties, reformation of the policy, cancellation, existence or validity of an insurance contract, coverage of the policy at the time of injury, and construction of extent of coverage. This is, of course, in harmony with the conception of compensation insurance as being something more than an independent contractual matter between insurer and insured.

In the case of *Campbell* v. *Waggoner*, 235 Ark. 374, 360 S.W. 2d 124 (1962), Larry Benafield, a minor, was injured while under the employ of appellant-petitioner. Suit was filed in Circuit Court by Charles Benafield in his own right and for his son, Larry, against petitioner to recover damages for said injuries. Petitioner filed a motion for summary judgment and a dismissal of the complaint on the basis that the Workers' Compensation Commission had exclusive jurisdiction of any claim arising out of the injury. The Circuit Court denied the motion, and appellant petitioned for a writ of prohibition which the Arkansas Supreme Court granted, stating that the Workers' Compensation Commission had exclusive jurisdiction to try Benafield's claim against petitioner for injuries caused while working as his employee.

It is also the rule in Arkansas that jurisdiction of the

commission over the employer also gave it jurisdiction over the insurance carrier. *Andrews* v. *Gross & James Tie Company*, 214 Ark. 210, 216 S.W. 2d 386 (1948).

We hold that the Workers' Compensation Commission had jurisdiction over the issues it ruled upon, namely, whether there was a workers' compensation policy in force at the time of the injury and whether appellee, Jerry Tuggle, was an employee.

The judgment of the Circuit Court is affirmed.