GREAT CENTRAL INSURANCE COMPANY
*v.* MEL'S TEXACO, Employer,
William E. COLVIN, Employee

CA 83-22                                     651 S.W.2d 101

Court of Appeals of Arkansas
Opinion delivered May 25, 1983
[Rehearing denied June 22, 1983.]

*Barber, McCaskill, Amsler, Jones & Hale,* for appellant.

*Daggett, Daggett & Van Dover,* by: *Robert J. Donovan,* for appellee.

GEORGE K. CRACRAFT, Judge. Great Central Insurance Company appeals from a decision of the Arkansas Workers' Compensation Commission holding it liable for the payment of benefits to William E. Colvin for an admittedly compensable injury received while he was working for Mel Hubbard. Hubbard's primary business interest was as operator of a Texaco Service Station and Car Wash in

Forrest City. From that same location he operated a U-Haul franchise, the local delivery service for Mistletoe Freight, a salvage yard, a wrecker service designated as Mel's Wrecker Service, and several grain hauling trucks he designated as Mel's Trucking Company. He had several employees, all of whom worked at the Texaco Station location, but who also worked in whatever of those other enterprises they might be needed. Hubbard was assigned only one identification number for withholding of taxes, social security and unemployment insurance. All of his employees' contributions were paid into one fund. Hubbard was the sole proprietor of all these entities. He testified that he did maintain separate bank accounts for the various undertakings but only for the purpose of determining which were the more profitable.

The appellee Colvin had worked for Hubbard in several capacities off and on during a period of fourteen years. His last employment was primarily as a truck driver for the trucking company but he, as all the other employees, was guaranteed a 40 hour week and was expected to work at the Texaco Station during his off time and he did so. He received an admittedly compensable injury on a long-haul mission for Mel's Trucking Company in the State of Georgia while unloading a grain truck belonging to Hubbard.

Hubbard's workers' compensation insurance policy which was issued in the name of "Mel's Texaco" showed its classification as "auto car wash and drivers." Its premium basis was stated to be on an estimated payroll of $55,000. This payroll figure included all of the employees of Mel Hubbard in the various enterprises. There was evidence that the Texaco Station had never been known as a car wash.

The appellant contended before the Commission that the policy covered only Mel's Texaco employees who worked at the service station. It further contended that there was no coverage for an employee while working for Mel's Trucking Company, for whom Colvin was performing services at the time of the accident. The appellee asserted that the two entities were one business and that the policy covered all of Hubbard's employees in their various capacities. The Commission found in favor of the claimant.

The appellant now contends that there is no substantial evidence to support the Commission's decision that the two businesses were not separate and distinct. This contention is based upon the principle that where there is a dual employment and the particular industry in which the injury occurs can be clearly identified, the employer in whose service the employee was acting at the time of his injury should be exclusively liable for the consequences of that injury. It cites those cases which have held that a worker may be an independent contractor as to certain work and yet an employee or servant as to other work for the same employer. *Parker Stave Co.* v. *Hines,* 209 Ark. 438, 190 S.W.2d 620 (1945). We have no quarrel with that proposition or the argument that the Commission might have found in appellant's favor. However, it did not do so.

The Commission found that the policy was issued on an estimated payroll of $55,000, which included the salaries paid to all of Hubbard's employees. Hubbard testified that when he procured the policy he intended that it include all of his employees regardless of where they worked and that the estimated payroll did include them. Appellant's agent testified that he was aware that Hubbard had five wreckers and that these wreckers had been operated as far away as Pennsylvania and New York. He admitted that he knew Hubbard had the grain trucks but was not aware that they were being used in interstate commerce. The agent, at some time prior to this injury, had sought to obtain liability coverage for the wreckers but appellant had declined to insure for liability after it was determined that these wreckers were operating on long-haul missions. The appellant, however, continued in force the compensation insurance with that knowledge and without further inquiry. The Commission specifically found that "both Mr. Hubbard and Mr. Rosenbaum (appellant's agent) believed that all 'businesses' being operated from the location of Mel's Texaco were covered under the policy with the estimated payroll including all of Mr. Hubbard's employees," and that it covered Colvin "as a driver."

The standard of appellate review of workers' compensation cases is well settled. The evidence is reviewed in the

light most favorable to the findings of the Commission and given its strongest probative value in favor of the Commission's order. The issue is not whether we might have reached a different result or whether the evidence would support a contrary finding. The extent of our inquiry is to determine if the finding of the Commission is supported by substantial evidence. Even where a preponderance of the evidence might indicate a contrary result, we will affirm if reasonable minds could reach the Commission's conclusion. *Bankston* v. *Prime West Corp.*, 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981); *Clark* v. *Peabody Testing Co.*, 265 Ark. 489, 579 S.W.2d 360 (1979).

The Commission has jurisdiction to pass upon questions relating to the policy when ancillary to the determination of the claimant's rights, including the coverage and its extent. *Southern Farm Bureau Cas. Ins. Co.* v. *Tuggle*, 270 Ark. 106, 603 S.W.2d 452 (Ark. App. 1980).

The question of fact for the Commission to resolve was whether the enterprises carried on by Mel Hubbard were so interrelated and connected as to constitute one sole proprietorship rather than a dual employment situation. We cannot say that the Commission's determination that the coverage extended to all persons employed by Hubbard at that location and included within his estimated payroll is not supported by substantial evidence.

In his brief appellee Colvin argues that due to the denial of coverage by the appellant he is entitled to additional attorney's fees other than those provided by the Workers' Compensation Act which were allowed him by the Commission. We agree with the appellant that this issue is not before us. Not only was this issue not raised before the Commission, but appellee has filed no cross-appeal from that award.

We affirm.