Mary Sue SNOW v.
TRAVELERS INSURANCE COMPANY

CA 83-372                               674 S.W.2d 943

Court of Appeals of Arkansas
Division II
Opinion delivered August 29, 1984

*Kirby Riffel,* for appellant.

*Robert H. Crank,* for appellee.

TOM GLAZE, Judge. Appellant urges one major issue in this appeal: whether her employees' group health insurance policy covers an eye injury sustained by her twenty-two-year-old son, Michael. The trial court decided against appellant on this issue, and, from our review, we agree.

The essential facts are undisputed. As a result of appellant's employment with TRW, Inc., appellant was eligible for group health insurance under which she could elect either individual employee coverage only or, for an additional premium, add her dependents to the policy. In 1974, appellant applied for individual coverage, but in 1979, she requested dependent coverage, completing an enrollment card, on which she named her husband. Appellee subsequently approved the husband's coverage. Appellant contends that she failed to designate her son, Michael, as a dependent because she was unaware he was eligible. Appellee concedes Michael may have been eligible as a dependent under the terms of the group policy, but denies coverage for his injury because appellant failed to enroll or name him as a dependent. Undisputedly, appellant possessed a 1974 and 1977 Certificate of Insurance which defined dependents in the same manner as did the 1979 policy when she applied for the additional dependent coverage. Appellant admits she possessed an insurance booklet which also defines eligible dependents.[1] The booklet further provides, "Each of your eligible Dependents will be covered on the date you become insured or the date he becomes a Dependent, whichever is later, *provided* you have enrolled for benefits for your Dependents."

Appellant, as the insured or beneficiary of an insurance

---

[1]Appellant's stipulated testimony was that she discovered this booklet among her papers and that it was evidently mailed to her at some unknown date.

policy, has the burden of proving coverage. *Peoples Protective Life Insurance Co.* v. *Smith*, 257 Ark. 76, 514 S.W.2d 400 (1974). As previously mentioned, appellant possessed two certificates of insurance, and a booklet which defined "eligible dependents" (as did the insurance policy). She was aware that she must enroll and complete a certificate of insurability for dependents added to her policy, and she did so for her husband. Appellant simply failed to do it for her son.

Appellant argues that appellee had an affirmative duty to explain policy benefits to her, especially those pertaining to eligible dependents. In support of this argument, she cites the Employment Retirement Income Security Act of 1974 — an Act which is simply not applicable here. We are unaware of any legal authority that supports appellant's argument, and she cites none.

Our Arkansas Supreme Court, quoting with approval from 18 *Couch on Insurance* §§ 71:30, 71:40 (2d ed. 1967) stated,

> "[C]onditions going to the coverage or scope of the policy, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action, without an express agreement to that effect supported by a new consideration."

*See Peoples Protective Life Insurance* v. *Smith, supra,* at 85 and 86. In *Smith,* the Court held the doctrine of waiver or estoppel cannot be given the effect of enlarging or extending the coverage as defined in the contract of insurance. Accordingly, the Court ruled that Smith was ineligible under a group insurance policy even though the insurance company had paid his medical benefits under the policy.

Here, appellee did nothing which would cause appellant's policy benefits to be extended to her son nor was appellee under any duty to inform appellant that she could or should designate him as a beneficiary. Appellant failed to

:nroll Michael as a dependent, and the Court is powerless under the facts of this case to reform the group policy to cover him. Because the appellant did not meet her burden of proving coverage, we affirm the trial court's decision.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.