ARKANSAS KRAFT VENDORS and GEORGIA
CASUALTY COMPANY *v.* Donald HORTON

CA 85-18                                                690 S.W.2d 370

Court of Appeals of Arkansas
Division II
Opinion delivered May 29, 1985
[Rehearing denied June 26, 1985.]

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellant.

*The Haskins and Hendricks Law Firm*, by: *Robert R. Cortinez*, for appellee.

TOM GLAZE, Judge. This is an appeal by Georgia Casualty Insurance Company (Georgia Casualty) and Arkansas Kraft Vendors (Kraft) from the November 8, 1984, decision of the Workers' Compensation Commission. The Commission held that Georgia Casualty's insurance policy No. WC 968251 (Policy) was in effect at the time of the injury, was issued to Randy Olson as a member of a class of individuals, and provided coverage for injuries received by Donald Horton, Olson's employee.

The Policy listed the named insured as "vendors while cutting wood for Arkansas Kraft and Pinecrest Lumber Company, Morrilton, Arkansas." Olson, a vendor for Kraft, applied for workers' compensation coverage under this Policy, and following acceptance, Kraft withheld the premium from his proceeds. The premium was $35.00 a month plus $.94 per cord of wood delivered to Kraft. Olson was never provided a copy of this Policy.

On March 23, 1983, Donald Horton, appellee, was injured while working for Olson. At the time of the injury, Olson was hauling a load of wood for Southern Wood Products Company (Southern Wood), which is not connected with Kraft. The injury occurred on Southern Wood's premises. Horton was denied workers' compensation benefits on the grounds that he was not working for Kraft at the time of the accident. It is not disputed that the Policy was in effect at the time of the injury or that

Horton incurred an injury arising out of and in the scope of his employment.

The Administrative Law Judge found that the Policy, when construed in its entirety, was ambiguous and open to two reasonable interpretations. He determined that the phrase "while cutting wood for Arkansas Kraft," in light of the exclusionary clause, could mean either the time period during which the vendor was under contract to cut wood for Kraft or that the particular load of wood must be for Kraft. The exclusion provides that workers' compensation coverage does not apply to any operations conducted at or from any work place not described under Items 1 (vendors while cutting wood for Arkansas Kraft) or 4 (covering logging or lumbering and drivers in Arkansas or Oklahoma) of the declarations if the insured is a qualified self-insurer or has other workers' compensation insurance. Construing the Policy against the insurer, the Administrative Law Judge found the named insured clause, "while cutting wood for Arkansas Kraft," meant during the time period a vendor was under contract to Kraft, held Horton was covered under the Policy, and ordered Georgia Casualty to pay him. Upon appeal to the Workers' Compensation Commission, the Commission affirmed and adopted the opinion of the Administrative Law Judge.

The Workers' Compensation Commission has jurisdiction to determine questions concerning an employer's insurance policy, including the extent of coverage, when they are ancillary to a determination of the claimant's rights. *Great Central Insurance Co. v. Mel's Texaco*, 8 Ark. App. 236, 240, 651 S.W.2d 101, 103 (1983). We must affirm the decision of the Commission if we find any substantial evidence to support it. *Central Maloney, Inc. v. York*, 10 Ark. App. 254, 263, 663 S.W.2d 196, 200 (1984). We are required to review the evidence, and all reasonable inferences deducible therefrom, in the light most favorable to the Commission's findings. *Jones v. Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981).

In this appeal, appellants challenge the Commission's findings that the phrase, "vendors while cutting wood for Arkansas Kraft", was ambiguous and that Horton was a named insured under the Policy, engaging in covered activity. We must agree.

Olson, appellee's employer, testified that it was customary to carry a separate workers' compensation policy with each com-

pany he hauled logs for, and if he was hauling wood for two different companies on the same day, he would ask the company he was hauling for at the time of an accident to pay workers' compensation. He further testified that he understood the Policy covered his men anytime they were working for Kraft, but acknowledged that the premium he paid varied with the amount of wood sold to Kraft. The more wood he sold Kraft, the higher the premium.

■ An insurance policy must be construed to provide coverage, unless it is patently unreasonable to do so. *Insured Lloyds Insurance Co.* v. *Arkansas Truck Parts, Inc.*, 13 Ark. App. 165, 169, 681 S.W.2d 403, 406 (1984). In considering the circumstances of this case, we believe it is patently unreasonable to construe the Policy to extend to any logging operation carried on by the vendor for another company while under a contract to haul wood for Kraft. Such a construction leads to illogical and unreasonable results. For example, let us assume a vendor covered under this Policy had a contract to haul one load of pulpwood a month for Kraft and fifty loads a month for B Company through which he had not obtained workers' compensation insurance. Under these facts, Kraft's insurer, Georgia Casualty, would be liable for any accident incurred while the vendor was hauling wood for B Company, even though the vendor only paid Georgia Casualty the bare minimum in premiums. In construing the Policy in this manner, the Commission effectively reads out the clause providing for the escalating premium, and ignores the intentions of the parties in providing and obtaining separate policies with each company for which the vendor hauled.

■ The exclusionary clause, upon which the Commission places great reliance, must be construed in light of the whole Policy, including the phrase "while cutting wood for Arkansas Kraft." *See Continental Casualty Co.* v. *Davidson*, 250 Ark. 35, 41, 463 S.W.2d 652, 655 (1971). This clause can be reasonably construed as providing workers' compensation coverage if a vendor were logging or hauling wood for Kraft in a location other than Arkansas or Oklahoma, and if he had no other applicable insurance. Construing it in this manner gives effect to the exclusionary clause, the named insured clause ("while cutting wood for Arkansas Kraft"), and the provision for a premium which varies, depending on the amount of wood sold to Kraft. The Commission's construction effectively precludes the named in-

sured clause and the premium clause from having any correlatable meaning. When one construction of a policy excludes certain provisions and another gives effect to all provisions, the construction giving effect to all provisions is the one to be adopted. *Davidson*, 250 Ark. at 41. The policy must be construed in a "common sense" manner so as to give effect to the intentions of the parties. *State Farm Mutual Automobile Insurance Co.* v. *Pennington*, 215 F. Supp. 784, 789 (E.D. Ark. 1963). Furthermore, an insurance policy will not be construed and extended to provide coverage for a risk the policy plainly excludes, and for which the insurer has not been paid. *Baskette* v. *Union Life Insurance Co.*, 9 Ark. App. 34, 652 S.W.2d 635 (1983); *accord, Snow* v. *Travelers Insurance Co.*, 12 Ark. App. 240, 674 S.W.2d 943 (1984). The Commission, by extending coverage to a risk not covered by the Policy and for which Georgia Casualty was not paid, did not construe the Policy in a common sense manner. Therefore, we must reverse.

The Commission's holding that the Policy provision, "while cutting wood for Arkansas Kraft," violates the spirit and intent of Ark. Stat. Ann. § 81-1338(c) (Repl. 1976) is also clearly erroneous. While § 81-1338(c) is deliberately broad in scope and is intended to require coverage of the employer's "entire liability" to his employees, *Southern Farm Bureau Casualty Insurance Co.* v. *Tuggle*, 270 Ark. 106, 110, 603 S.W.2d 452, (Ark. App. 1980), it is our opinion that the Policy in the case at bar fulfills the statute's requirements. We find that it provides coverage for the employer's "entire liability" while hauling wood for Kraft.

There being no substantial evidence to support the holdings of the Commission, we reverse and remand.

Reversed and remanded.

COOPER and CORBIN, JJ., agree.