ROY HORTON TOMATO COMPANY, INC. and Eugene Horton, Plaintiffs,

v.

HOME INSURANCE COMPANY and/or the Home Indemnity Company, Defendant.

No. LR–C–87–465.

United States District Court, E.D. Arkansas, W.D.

April 12, 1988.

Roy Gene Sanders, Little Rock, Ark., for plaintiffs.

Tom F. Lovett, Little Rock, Ark., for defendant.

## ORDER

HENRY WOODS, District Judge.

Defendant, Home Insurance Company and/or the Home Indemnity Company, has submitted the pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). It maintains that this lawsuit, when pared to its essence, is nothing more than "an attempt by the Horton family to bring Eugene Horton's workman's compensation claim to federal court." *See* Brief at 1. The plaintiffs, Roy Horton Tomato Company, Inc. and Eugene Horton, deny that assertion and allege that the complaint at bar raises issues involving fraud and negligence. The Court finds that the motion should be granted and this complaint should be dismissed.

For purposes of this order, we accept the plaintiffs' account of the pertinent facts in this case. *See, e.g., Chapman v. Musich,* 726 F.2d 405, 408 (8th Cir.), *cert. denied,* 469 U.S. 931, 105 S.Ct. 325, 83 L.Ed.2d 262 (1985).

The Plaintiffs, Roy Horton Tomato Company, took out both a workers' compensation policy and business owners' policy with the Defendant on June 10, 1983. Barnes & Associates was the agent of Defendant, Home Insurance Company, who procured the policy. On August 1, 1983, some two months later, Barnes & Associates caused the workers' compensation policy to be fraudulently cancelled and appropriated the refunded premium to its own use. The cancellation request was made without notice to or authority from the Horton Tomato Company.

When the Defendant, Home Insurance Company, received the fraudulent cancellation request, it did, in fact, cancel the policy, but failed to comply with Ark. Stat.Ann. Section 81-1338(b) (Repl.1976), which requires that notice of such cancellation be given to both the employer, i.e., the Horton Tomato Company, and the Workers' Compensation Commission. Because of the fraudulent cancellation and because Defendant failed to send Plaintiff notice of the cancellation, the Plaintiff never knew its policy had been fraudulently cancelled and never received a renewal notice for the insurance.

On June 10, 1984, Plaintiff wrote Barnes & Associates a letter which requested that both the business owners' policy and the workers' compensation policy be renewed. Plaintiff enclosed a check for $1,000, and asked that a bill be sent for the balance. * * * Since the workers' compensation policy had been cancelled, however, unknown to Plaintiffs, the $1,000 was applied only to the business owners' policy. Defendant's agent has admitted that if the workers' compensation policy had not been cancelled, the $1,000 would have been applied to both policies and both policies would have remained in effect. * * * Because of the fraudulent cancellation, however, the workers' compensation policy was allowed to lapse.

On June 12, 1984, Eugene Horton sustained an injury while working for the Horton Tomato Company and it was then that Plaintiff discovered it had no workers' compensation insurance coverage. Eugene Horton subsequently filed a

workers' compensation claim against the tomato company and this claim is still pending before the Arkansas Workers' Compensation Commission. * * *

*See* Response at 1–3.

In this instance, plaintiff Eugene Horton apparently maintains that he has a cause of action against defendant because the latter fraudulently cancelled the workers' compensation insurance of the employer, plaintiff Roy Horton Tomato Company, and negligently failed to notify both plaintiffs of the cancellation. The Court can only agree with defendant, however, that "no justification whatsoever [has been offered] for Eugene Horton's inclusion in this suit as a plaintiff." *See* Reply at 1.

■ Under Arkansas law, the benefits payable pursuant to the workers' compensation act, and the procedure set out in that act for obtaining those benefits, constitutes an exclusive remedy. *See, e.g., Cain v. National Union Life Insurance Co.,* 290 Ark. 240, 718 S.W.2d 444 (1986); *Johnson v. Houston General Insurance Co.,* 259 Ark. 724, 536 S.W.2d 121 (1976). One consequence flowing from the exclusive nature of the act is that the remedy precludes an action at law, including "an intentional tort arising out of the non-payment of benefits." *See Cain v. National Union Life Insurance Co.,* 718 S.W.2d at 444. Construing the true nature of plaintiff's complaint as an allegation that defendant denied his workers' compensation claim in bad faith, clearly, the state worker's compensation act provides the exclusive remedy, and he should be required to litigate the claim solely before the state workers' compensation commission. Alternatively, accepting as true his contention that his complaint is grounded in the allegation that defendant fraudulently cancelled the workers' compensation insurance of his employer and then negligently failed to notify both plaintiffs of the cancellation, the Court must conclude that Mr. Horton has no cause of action against defendant. We are unaware of any case which stands for the proposition that an employee has a cause of action against a workers' compensation carrier for fraudulent cancellation of

a policy. Plaintiff is also unaware of any case standing for that proposition because he fails to cite the Court to such a case. In addition, he has completely failed to articulate a duty owed to him by the carrier in cancelling the policy. The statute cited by him, *Ark.Code Ann.* § 11–9–408, provides that notice of any cancellation should be sent to "the commission and to the employer, ..." The statute does not mention that any employee is to receive notice of the cancellation.

Given the foregoing then, the Court finds that Mr. Horton has no cause of action against defendant. The motion to dismiss with respect to this plaintiff is granted, and he is dismissed as a party to this proceeding.

■ With respect to plaintiff Roy Horton Tomato Company, it also maintains that it has a cause of action against defendant because the carrier fraudulently cancelled the workers' compensation policy and negligently failed to notify plaintiff of that cancellation. As such, it insists that this litigation does not involve a question of a workers' compensation claim or the extent of coverage, both of which would come within the jurisdiction of the state workers' compensation act. Despite its contention, the Court finds that the matters asserted at bar are within the ambit of the state workers' compensation act.

The Arkansas Workers' Compensation Commission has jurisdiction to determine questions concerning an employer's insurance policy, "including the extent of coverage, when they are ancillary to a determination of the claimant's rights." *See Arkansas Kraft Vendors v. Horton,* 15 Ark. App. 123, 690 S.W.2d 370, 371–72 (1985). *See also Great Central Insurance Co. v. Mel's Texaco,* 8 Ark.App. 236, 651 S.W.2d 101, 103 (1983). In resolving questions concerning the extent of coverage, the commission has authority to pass upon issues involving " 'fraud in procurement, mistake of the parties, reformation of the policy, cancellation, existence or validity of an insurance contract, coverage of the policy at the time of injury, and construction of extent of coverage.' " *See Southern Farm*

*Bureau Casualty Insurance Co. v. Tuggle, et al.,* 270 Ark. 106, 603 S.W.2d 452, 455 (1980) [quoting with approval Larsons, § 92.40]. Even accepting plaintiff's construction of its complaint, the foregoing language convinces us that the state workers' compensation act provides for the exclusive remedy in this instance. It would also be judicially wasteful for this Court to consider matters of fraud and negligence with respect to the policy while the parties are currently involved in proceedings before the commission on the same policy.

We therefore conclude that the allegations made by the Roy Horton Tomato Company are matters which are within the scope of the state workers' compensation act; and in accordance with Arkansas law, that act provides the exclusive remedy. It has no cause of action against defendant in this proceeding. The motion to dismiss with respect to this plaintiff is also granted, and it is dismissed as a party to this proceeding. Both plaintiffs having now been dismissed, the complaint at bar is dismissed.