A91A1721, A91A1722. LUMBER TRANSPORT, INC. v. INTERNATIONAL INDEMNITY COMPANY; and vice versa.

(417 SE2d 365)

SOGNIER, Chief Judge.

Lumber Transport, Inc. brought suit in the Superior Court of DeKalb County against International Indemnity Company (International), its workers' compensation insurance carrier, seeking reimbursement for benefits paid to an injured employee. The parties filed cross motions for summary judgment. The trial court granted International's motion and denied that of Lumber Transport. Both parties appeal.

The record reveals that pursuant to an assignment by the National Council of Compensation Insurance, International issued a workers' compensation policy to Lumber Transport covering it from October 1985 to October 1986 for claims arising under the Georgia Workers' Compensation Act. Lumber Transport is a trucking company based in Cochran, Georgia. In May of 1986, Orlando Machin, a Florida resident truck driver, was injured in a Florida highway accident while driving his truck pursuant to a contract with Lumber Transport. Machin did not file a workers' compensation claim in Georgia, but International began paying income benefits of $155 per week, the maximum amount allowed under Georgia law. Subsequently, Machin filed a workers' compensation claim in Florida, which eventually resulted in a Florida decision that he was entitled to the maximum Florida income benefits of $315 per week. International continued to pay benefits of $155 per week for some time, but then discontinued those payments after notifying Lumber Transport. Lumber Transport then began making the benefit payment under the Florida order, and instituted this action.

1. We first consider International's cross-appeal, in which International challenges the finding of the trial court that it had jurisdiction to determine the rights of the parties in this action. International contends that under Georgia law, the Georgia Board of Workers' Compensation has exclusive jurisdiction of the issues in this case, as those issues are dependent upon a determination by the Board of what, if any, payments are due Machin under the Georgia Workers' Compensation Act. We do not agree.

It is clear in this case that no Georgia claim for benefits will be filed by Machin because he has exhausted his entitlement by filing in Florida, where the benefits due him are significantly higher than those to which he would be entitled in Georgia. The issue presented is whether the specific language in the policy issued by International required it to reimburse its insured, Lumber Transport, for benefits awarded under the Florida claim to the extent of the Georgia schedule of benefits. This court has held that the Georgia Board of Workers' Compensation "is not a court authorized to render judgments on contracts . . . since it merely determines the amount of compensation and the time of payment in accordance with the [Georgia Workers' Compensation] Act. [Cits.]" *Fireman's Fund Ins. Co. v. Crowder*, 123 Ga. App. 469, 471 (1) (181 SE2d 530) (1971). Because the issue is one of contract interpretation, the trial court was correct in deciding it had jurisdiction to adjudicate the case. Thus, International's contention in the cross-appeal is without merit, and we affirm the trial court's judgment in the cross-appeal.

2. In the main appeal, Lumber Transport contends the trial court erred by denying its motion for summary judgment and granting summary judgment to International. The trial court's rulings were based on its finding that, under the specific language of the policy in issue here, International had no duty to reimburse Lumber Transport. We agree with this determination and affirm the trial court's decision in the main appeal as well.

(a) The policy in question was issued in Georgia and does not contain an all-states or other-states endorsement. The policy provides that the insurer "will pay promptly when due the benefits required of [Lumber Transport] by the workers compensation law." The term "workers compensation law" is defined by the policy itself to mean "the workers or workmen's compensation law and occupational disease law of each state or territory named in item 3.A. of the Information Page." Item 3. of the information page is entitled "COVERAGE" and provides in section A. that "[p]art [o]ne of the policy applies to the Workers Compensation Law of . . . Georgia." It is clear, therefore, under the clear language of the policy that unless Lumber Transport is required by *Georgia* workers' compensation law to provide benefits to an injured employee, no coverage under the policy

exists.

In this case the work injury at issue occurred in Florida to a Florida resident employee, and the employer, Lumber Transport, is based in Georgia. It is uncontroverted that both Georgia and Florida would have jurisdiction of the claim for the incident at issue here, see OCGA § 34-9-242, and it is similarly undisputed that if a Georgia claim *had* been filed Lumber Transport would be covered for the claim under its policy with International. Machin, however, understandably chose to file in Florida. Since no Georgia workers' compensation claim was filed, Lumber Transport was not required under Georgia workers' compensation law to pay any benefits and thus International was not required, under the terms of the policy, to cover the claim in any part.

(b) For similar reasons, International was under no duty to defend appellant against the Florida claim or to pay costs involved in that claim. Under the policy's terms, International's duty to defend Lumber Transport extends only to a "claim, proceeding[,] or suit against [Lumber Transport] for benefits payable by this insurance," and the policy clearly provides that International has "no duty to defend a claim, proceeding[,] or suit that is not covered by this insurance."

(c) Finally, we agree with the trial court's rejection of Lumber Transport's contention that International waived any claim of no coverage when it voluntarily paid benefits before the Florida claim was final. The coverage of a policy cannot be extended by waiver or estoppel. *Ballinger v. C & S Bank of Tucker*, 139 Ga. App. 686, 689 (229 SE2d 498) (1976). "The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. [Cits.]" Id. Accordingly, the trial court correctly decided that International had no duty to reimburse Lumber Transport for any part of the Florida award.

*Judgments affirmed. Birdsong, P. J., Carley, P. J., Pope, Beasley, Cooper, Andrews, and Johnson, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as it is my view that the superior court inappropriately declared rights and duties under a policy of insurance based on an unaccrued state of facts and that the majority inappropriately avoids this omission, basing its holding on a prediction that no claim will ever be filed that will give rise to coverage under the workers' compensation policy of insurance. Further, I do not agree with the majority's holding that the superior court has jurisdiction of this matter because the issue is one of contract interpretation.

1. Lumber Transport seeks reimbursement of Georgia workers'

compensation benefits based on a policy provision requiring International to pay all claims arising under the Georgia Workers' Compensation Act.[1] This claim is dependent upon (derivative of) a determination of the amount, if any, the injured employee is entitled to recover under the Georgia Workers' Compensation Act, a matter outside subject matter jurisdiction of the superior court. *Fireman's Fund Ins. v. Crowder*, 123 Ga. App. 469, 471 (1) (181 SE2d 530). In other words, no determination of the employer's contractual rights is possible until such time as the rights of the employee are determined by the Georgia Board of Workers' Compensation. However, the record in the cases sub judice reveals no award or approved settlement by the Georgia Board of Workers' Compensation. Consequently, it is my view that any decision by the superior court as to International's liability under the insurance contract is premature. There must first be a determination by the Georgia Board of Workers' Compensation that such a claim exists and, if so, how much. See *Labouseur v. Harleysville Mut. Ins. Co.*, 397 SE2d 526, 528 (1) (SC 1990).

2. I do not agree with the majority's holding that the superior court has jurisdiction of this matter because the issue is one of contract interpretation, not a claim for benefits under the Georgia Workers' Compensation Act.

The State Board of Workers' Compensation is not authorized to render judgments on contracts or render declaratory judgments. *Fireman's Fund Ins. Co. v. Crowder*, 123 Ga. App. 469, 471 (1), supra. However, when disputes over workers' compensation coverage are "ancillary to the determination of the employee's right, the compensation commission has authority to pass upon a question relating to the insurance policy, . . . including . . . existence or validity of an insurance contract . . . coverage of the policy at the time of injury, . . . and construction of extent of coverage. . . ." 4 Larson, The Law of Workmen's Compensation, § 92.41, 17-44. In the cases sub judice, Lumber Transport's claim against International is ancillary to any claim for benefits under Georgia's Workers' Compensation Act. Under these circumstances, it is my view that any administrative determination of Lumber Transport's liability under the Georgia Workers' Compensation Act would authorize an administrative resolution of Lumber Transport's claim against International. See *Labouseur v. Harleysville Mut. Ins. Co.*, 397 SE2d 526, 528 (1), supra. Compare *National Union Ins. Co. v. Mills*, 99 Ga. App. 697 (109 SE2d 830), where it was held that the State Board of Workers' Compensation had no jurisdiction to resolve a dispute between insurers *after* the

---

[1] International challenges liability because no award has been rendered under the Georgia Workers' Compensation Act.

board approved a settlement awarding an employee workers' compensation benefits.

DECIDED MARCH 6, 1992 —
RECONSIDERATION DENIED MARCH 30, 1992 —

*Mozley, Finlayson & Loggins, Robert M. Finlayson II, Deborah A. Finnerty, Wm. Mark Amos,* for appellant.
*Hopkins & Gresham, H. Lowell Hopkins,* for appellee.