S04A0607. JOHNSON et al. v. ALLGOOD FARM, LLC.
(602 SE2d 837)

HINES, Justice.

This is a challenge to the substance of a writ of possession issued pursuant to a petition for ejectment. For the reasons that follow, we affirm.

Dennis, Grace, and Tracy Johnson, along with their company, The New England Improvement Company (collectively "the Johnsons"), filed a petition for ejectment based upon their claims to the mineral rights in property in Chattooga County owned by Allgood Farm, LLC ("Allgood Farm"). This Court affirmed the trial court's grant of summary judgment to the Johnsons on the question of their ownership of the mineral rights.[1] See *Allgood Farm v. Johnson,* 275 Ga. 297 (565 SE2d 471) (2002). Upon remittitur, the trial court issued a writ of possession. But, the Johnsons moved for reconsideration on the bases that the writ failed to contain a legally sufficient description of the property in question, that the court needed to define "reasonable access" and "unimproved lands" in regard to their mineral rights, and that the writ incorrectly referenced OCGA § 44-9-70. The trial court then issued an "amended order and writ of possession" containing a detailed legal description of the property in question. The Johnsons appeal.

The amended order and writ of possession also contained the following provisions

> AND IT IS FURTHER ORDERED that Plaintiffs shall have reasonable access to enter upon the unimproved lands necessary to exercise their mineral rights and for no other purpose; and it is
>
> FURTHER ORDERED that Plaintiffs' access to and use of the Land is limited to what is reasonable and necessary to mine minerals and not otherwise, and it is

---

[1] As in our prior opinion in this case, the terms "mineral rights" and "mineral interests" are used interchangeably.

FURTHER ORDERED that Plaintiffs' access to and use of Lands above-described is contingent upon Plaintiffs' full compliance with OCGA § 44-9-70, *et seq.*, in reference to Rights of Way for Mining, Quarrying, and Other Business;[2]

1. The Johnsons contend that the trial court erred in limiting their access to entry to "unimproved lands" without defining "improved" or "unimproved," thereby circumscribing their future mining activities. They also maintain that the trial court erred by limiting their access to "unimproved lands," thus allowing Allgood Farm the option to make surface improvements to lands in which the Johnsons' mineral interests lie and thereby possibly divesting the Johnsons of the mineral interests. But such contentions are unavailing.

The gravamen of the Johnsons' arguments is that the provisions in the amended order and writ of possession contravene the parties' intent regarding the mineral rights as expressed by the language in the original deeds. However, prior to seeking issuance of a writ of possession, the Johnsons never asked the trial court to make any determination regarding the locations, extent, and scope of the mineral interests. As this Court noted in its prior consideration of this case, the trial court granted summary judgment to the Johnsons solely on the question of their ownership of the mineral rights in the land lots owned by Allgood Farm. *Allgood Farm*, supra at 303 (5). Issues regarding the definition, timing, or scope of the term "unimproved" as related to the deeds granting the mineral interests were never litigated, much less ruled upon by the trial court. Thus, the question of the term's meaning with regard to the Johnsons' mineral rights is not ripe for review.[3]

2. The Johnsons further contend that the trial court erred by conditioning their use of the lands upon OCGA § 44-9-70[4] et seq.,

---

[2] The amended order and writ of possession also stated:
FURTHER ORDERED that before conducting the removal of any minerals from the Lands described the Plaintiffs are required to fully and completely comply with the terms and conditions of the Georgia Surface Mining Act of 1968 as contained in OCGA § 12-4-70 *et seq.*, and any and all regulations promulgated by the State and Federal Authorities pertaining to mining.
However, this provision is not challenged in the present appeal.

[3] At this juncture there is no evidence of record that the Johnsons have been barred from exercising their mineral rights in any portion of the Allgood Farm land in question based upon a disagreement about whether the property is "unimproved." Should such a dispute arise pursuant to the amended order and writ of possession, the Johnsons may seek the appropriate relief.

[4] OCGA § 44-9-70 reads:
Any person, firm, corporation, company of persons, or corporation chartered under the laws of any state of the United States who is actually engaged in the business of mining iron, copper, gold, coal, or any other metal or mineral; quarrying marble, granite, or any other stone; or making copperas, sulphur, saltpeter, alum, or other

because the original deeds conveyed to them both ingress and egress. But here again, this issue regarding construction of the deeds was not explored below. Thus, there is no basis to find that the trial court erred in referencing OCGA § 44-9-70 et seq. in its amended order and writ of possession.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Albert C. Palmour, Jr., Johnny R. Dennis*, for appellants.
*McKenna, Long & Aldridge, Phillip A. Bradley, Cook & Connelly, Bobby Lee Cook, Todd M. Johnson*, for appellee.

---

similar articles and who needs a right of way for a railroad, turnpike, or roadway; an easement for pipelines or power lines; or a common road across the lands of others in order to operate his business successfully may obtain a right of way in the manner provided in this article for acquiring the right to convey water across the lands of others by the owners of mines. All proceedings in relation thereto shall be had and the damages shall be assessed and paid according to the method of condemning land provided in Title 22.

[5] There is no basis either to find that by referring to the statutory provisions, the trial court implicitly found that the deeds did not confer rights of ingress and egress to the Johnsons because the applicability of OCGA § 44-9-70 et seq. may well be impacted by the nature and extent of any such rights.