A05A1350. BUILDERS INSURANCE GROUP, INC. v. KER-WIL ENTERPRISES, INC.

(618 SE2d 160)

ELLINGTON, Judge.

Builders Insurance Group, Inc. ("Builders") filed a petition in the Superior Court of Henry County seeking a judgment declaring its rights with respect to a policy of workers' compensation insurance it issued to Ker-Wil Enterprises, Inc., d/b/a B & K Builders ("Ker-Wil"). Builders filed a motion for summary judgment with its complaint, which the trial court did not address. Ker-Wil filed a motion to dismiss with its answer, which the superior court granted on the ground that a "declaratory judgment is inappropriate at this time." Builders appeals, contending the court erred in dismissing its petition and in denying its motion for summary judgment. For the following reasons, we affirm.

1. Because the record reveals the trial court did not rule on Builders' motion for summary judgment, any claim of error with respect to the merits of that motion present nothing for us to review. *Johnson v. Allgood Farm, LLC*, 278 Ga. 283, 284 (1) (602 SE2d 837) (2004). Further, given our holding in Division 2, any such claim of error is also moot.

2. Builders contends the trial court erred in dismissing the declaratory judgment action because an actual controversy as to its rights under the insurance policy exists and that the State Board of Workers' Compensation ("the Board") lacks jurisdiction to resolve that controversy.

The undisputed facts relevant to this enumeration of error are as follows. Jacob Reeves filed a claim with the Board, alleging that both Ker-Wil and Builders are responsible for the payment of benefits arising from an August 26, 2003 injury he sustained. Builders controverted the claim and denied coverage, contending that it had timely and properly cancelled Ker-Wil's workers' compensation policy prior to Reeves' claimed injury. Builders then filed the instant action on June 22, 2004, seeking a judgment declaring its rights with respect to the policy.

As the Supreme Court of Georgia has held:

The purpose of the Declaratory Judgment Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." OCGA § 9-4-1. The law is well established that declaratory judgment is not available where a judgment cannot guide and protect the petitioner with regard to some future act — as where an insurance company has already denied a claim. That is because declaratory judgment is not available to a party merely to test the viability of its defenses. [The insurer] having already denied coverage for the claims at issue here, declaratory judgment was not available because it was neither uncertain nor insecure in regard to its rights, status or legal relations.

(Citations and punctuation omitted.) *Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. 107, 109 (586 SE2d 228) (2003). See also *Adams v. Atlanta Cas. Co.*, 225 Ga. App. 482 (1) (484 SE2d 302) (1997) (accord). Because Builders had already denied coverage when it filed its petition for declaratory relief, it was not uncertain or insecure of its rights, status, or legal relations with respect to the making of that decision. Consequently, the trial court was correct in dismissing the action because a declaratory judgment was neither appropriate nor available. *Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. at 109-110.

Builders argues, however, that there should be an exception to this rule in workers' compensation cases because the Board lacks subject matter jurisdiction to resolve the underlying coverage issue. Builders contends the Board lacks authority to issue declaratory judgments or to resolve contract disputes. Although we have found no Georgia case explicitly on point, Builders' assertion does not appear to be a complete and accurate restatement of the applicable rule.

The general rule appears to be that, when it is ancillary to the determination of the employee's right, the [Board] has authority to pass upon a question relating to the insurance policy, including fraud in procurement, mistake of the parties, reformation of the policy, cancellation, existence or validity of an insurance contract, coverage of the policy at the time of injury, and construction of extent of coverage. . . . On the other hand, when the rights of the employee in a pending claim are not at stake, many [Boards] disavow jurisdiction and send the parties to the courts for relief. This may occur when the question is purely one between two insurers, one of whom alleges that it has been made to pay an undue share of an award to a claimant, and the award itself is not being under attack.

(Footnotes omitted.) 9 Larson's Workers' Compensation Law, § 150.04 [1]-[2]. See, e.g., *Spivey v. Oakley's Gen. Contractors*, 32 N.C. App. 488, 490-491 (232 SE2d 454) (1977) (Industrial Commission had authority to determine whether policy of workers' compensation insurance had been properly cancelled); *Southern Farm &c. Ins. Co. v. Tuggle*, 270 Ark. 106, 112-113 (603 SW2d 452) (1980) (Commission had jurisdiction over questions of existence and extent of policy of workers' compensation insurance).

Further, the Georgia cases cited by Builders implicitly support this general principle. In *Gulf States Underwriters &c. v. Bennett*, 260 Ga. App. 699, 701-702 (1) (580 SE2d 550) (2003), we held that the administrative law judge lacked subject matter jurisdiction to entertain a fraud claim against an insurance agent, a "non-insurer" who had recommended to an employer a policy of insurance that was not a workers' compensation policy. However, in that same opinion, we held the judge had subject matter jurisdiction to determine the scope of the policy at issue, which, under the circumstances of that case, "served to insure against liability for payment of benefits." Id. at 702-703 (2). And in *Lumber Transport v. Intl. Indem. Co.*, 203 Ga. App. 588, 589 (1) (417 SE2d 365) (1992), we only held that the Board lacked *exclusive* jurisdiction to hear the suit and that it could be tried in superior court because the case was not one in which the payment of benefits due an injured employee would be decided. Because the issue presented in *Lumber Transport* was solely whether the policy at issue required reimbursement as between the insurer and the insured employer, it was a contract dispute for which the superior court had jurisdiction. Id.

Finally, that the Board has ancillary authority to resolve policy coverage issues when determining an employee's compensation rights is implicit in the Workers' Compensation Act, OCGA § 34-9-1 et seq. The Act provides that the Board "shall exercise all powers and perform all the duties relating to the enforcement of this chapter." OCGA § 34-9-58. Under the Act, an "Employer" is defined to include the employer's workers' compensation "insurer as far as applicable." OCGA § 34-9-1 (3). See *Tuck v. Fidelity & Cas. Co.*, 131 Ga. App. 807 (207 SE2d 210) (1974) (insurer determined to be alter ego of insured employer). Thus, insurers are not strangers to workers' compensation proceedings. Further, every policy insuring the payment of compensation provided for in the Act is deemed to be subject to the Act. OCGA § 34-9-125. And, finally, the Act

> shall be liberally construed only for the purpose of bringing employers and employees within the provisions of this chapter and to provide protection for both. This chapter is intended to provide a complete and exclusive system and

procedure for the resolution of disputes between employers and employees who are subject to this chapter concerning accidents and injuries arising out of and in the course of employment as defined by this chapter. The provisions of this chapter shall be construed and applied impartially to both employers and employees.

OCGA § 34-9-23. We hold that a "complete and exclusive system for the resolution of disputes" between employers, their workers' compensation insurers, and their employees does, of necessity, include the power to resolve workers' compensation insurance coverage issues that bear upon the payment of benefits to an injured employee claimant. Vesting the power to resolve these ancillary coverage issues with the Board and its administrative law judges protects the interests of the insurer, the employer, and the employee and furthers the goal of providing complete relief within the workers' compensation forum.

It appears from the record before us that Jacob Reeves has yet to have his pending claim for workers' compensation benefits heard. Because the policy dispute between Ker-Wil and Builders is ancillary to the resolution of Reeves' claim for benefits, the Board has subject matter jurisdiction to resolve it. Further, it is consistent with the purposes of the Act that any dispute between Builders and Ker-Wil be resolved in conjunction with Reeves' claim so that, if any benefits are due Reeves, he may receive them without unnecessary delay.

Under the facts and circumstances of this case, we find no error in the trial court's order dismissing Builders' suit for declaratory judgment.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 19, 2005.

*Moore, Ingram, Johnson & Steele, Robert D. Ingram, Charles L. Davis, Jr.*, for appellant.
*Drew, Eckl & Farnham, Katherine D. Dixon, Morgan M. Cressman, Long & Holder, Thomas L. Holder*, for appellee.